## No. 9181.

### CITY OF PUEBLO *v.* KURTZ.

1. MUNICIPAL COPORATIONS—*Live Stock at Large—Impounding.* A city organized under article XX of the Constitution has power to impound animals running at large, within its bounds, and to charge owner a reasonable amount for discharging this duty.

Such an imposition is a matter of local concern, and the amount thereof is not to be limited by the general statute (Rev. Stat., secs. 6437, 6443).

And the owner is not entitled to his "day in court". The customary method of dealing with estrays, by sale giving due notice, or surrender on payment of the charge, approved.

2. ORDINANCE—*Partial Invalidity.* The same ordinance imposed a pound fee of One Dollar, upon both live stock and fowls. It was contended as to fowls, this was confiscatory, and ivalidated the whole ordinance. *Held* that the provision as to fowls may be separated from the residue and rejected.

*Error to the Pueblo District Court, Hon. J. E. Rizer, Judge.*

*En banc.*

Mr. JOHN A. MARTIN, Mr. CHARLES M. ROSE, for plaintiff in error.

Mr. JAMES A. PARK, Mr. BENJAMIN F. KOPERLIK, for defendant in error.

Opinion by Denison, J.

THIS was an agreed case, tried in the District Court of Pueblo County. The plaintiff, Kurtz, had judgment. The agreed facts were that eighteen head of cattle belonging to Kurtz were impounded by the city under the provisions of an ordinance passed by the City Council under the powers given by a charter adopted by the city under Article XX of the Constitution. The city, before it would surrender the cattle; required of Kurtz an impounding fee of one dollar per head, which he refused to pay. The cattle were kept several days, and then, by agreement, Kurtz gave a bond to secure the one dollar per head, and the keep of the cattle, should it be determined that the ordinance was valid and the fee reasonable, and the cattle were surrendered. The agreed facts were presented to the District Court, which decided in favor of Kurtz, and the city brings error.

Section 1 of the ordinance provides that " * * * no horse, ass, mule nor any cattle, sheep or goats shall be per-. mitted to run at large * * * and any such animal so found at large shall be taken up and impounded * * * ."

Other sections of the ordinance provide proceedings for sale. Section 10 provides for taking up and impounding of fowls running at large, and an amendment provides, in addition to the fees provided for by the ordinance, the sum of one dollar as a pound fee for each animal so impounded. This was the fee which the plaintiff refused to pay.

There is a statute, approved April 9, 1907, providing for the taking up and impounding of cattle running at large. Rev. Stat., Secs. 6437 to 6443.

The defendant in error makes three points against the validity of the provision concerning the pound fee:

1.    That it invades the function of the Legislature.

2.    That it gives the owner of the cattle no day in court.

3.    That the amount, one dollar per head, is unreasonable.

We think he is wrong on all three points.

As to the first point, it is unquestionable, and he con-

cedes, that the city had a right to impound animals running at large. It follows both on principle and precedent that they have the right to charge the delinquent owner a reasonable amount for so doing.

It is argued, however, that since the Legislature has provided what expenses may be incurred and charged to the owner in taking up and impounding estray cattle, the city can not add to them; but the city has the right under the XXth amendment and the Home Rule amendment to adopt any provision for its charter on subjects local and municipal or "of local concern," and such provision supersedes the statute. Subjects local and municipal or of local concern are held, in *Denver v. Hallett*, 34 Colo. 393, 398-399, 83 Pac. 1066, and in *El Paso County v. Colorado Springs* (No. 9036, decided at this term, 180 Pac. 301) to include any power which the Legislature might have granted before the amendment. Power to impound and charge fees for impounding animals astray within the city has been granted to cities from time immemorial and is a matter of "local concern."

As to the second point, if we were to hold with defendant in error on this point, it would invalidate not only the provisions as to the pound fee, but all charges under the ordinance and the charter and statute as well. The customary method of dealing with estrays is substantially the same everywhere, i. e., to sell them by statutory procedure, giving due notice, but to surrender them on payment of charges, as was done here.

On the third point, it is urged that since the provision for one dollar pound fee applies to fowls, as well as more valuable animals, it is confiscatory; that the constitutionality of the statute is to be determined not by what has been done under it, but by what may be done; and since one dollar per head might be charged for fowls not worth that sum, the whole ordinance is unconstitutional. We do not think so. Such a law is not all unconstitutional. Its effect, as applied to fowls, may readily be separated from its effect as applied to cattle; and if so, it is valid as to cattle.

See *Vinsonhaler v. The People*, 48 Colo. 79, 108 Pac. 993, and opinion of Helm, J., in *Farmers', etc., Co. v. Southworth*, 13 Colo. 129, 21 Pac. 1028, 4 L. R. A. 767.

Whether, if the charges were greater than the value of the animal, the ordinance would be invalid, we do not determine.

The judgment of the District Court should be reversed and a new trial granted.