No. 14,648.

THE PEOPLE *v.* GRAHAM.
(110 P. [2d] 256)

Decided February 3, 1941.

Mr. JOHN A. CARROLL, Mr. ANTHONY F. ZARLENGO, Mr. THOMAS HENRY RYAN, Mr. BYRON G. ROGERS, Attorney General, Mr. REID WILLIAMS, Assistant, for the people.

Messrs. VAN CISE, ROBINSON & CHARLTON, Mr. J. E. ROBINSON, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is a criminal proceeding instituted on behalf of the people in connection with an automobile accident occurring within the municipal area of the City and

County of Denver. Graham, defendant in error, to whom we hereinafter refer as defendant, was charged, in three counts of an information filed in the district court, with violations of sections 174 and 176, chapter 16, '35 C.S.A., in this: (1) Failing to stop his motor vehicle at the scene of the accident, and as close thereto as possible, and failing to return forthwith and remain at the scene of the accident; (2) failing to give his name, address and registration number of the automobile he was driving; (3) failing to render to the person injured in the accident reasonable. assistance or any assistance what ever, although it was apparent that assistance was necessary. To this information, and to each count thereof, defendant filed a motion to quash on the ground that it failed to set forth facts sufficient to constitute an offense under the laws of the state of Colorado. As a basis of said motion it was urged that Denver is a home-rule city under section 6, article XX, of the state Constitution, and as such has exclusive jurisdiction in local and municipal affairs; that the offenses charged are local and municipal in character; that in such matters the charter or ordinance of the municipality supersedes, within its territorial limits, any law of the state in conflict therewith; that the offenses charged occurred in connection with the regulation of motor vehicle traffic, and that at the time they occurred the unlawful acts alleged to have been committed by defendant were covered by ordinance of the City and County of Denver. With these contentions the trial court agreed, sustained the motion to quash and entered judgment dismissing the information. To this action of the court the people assign error and seek reversal.

The only question with which we are here concerned is whether the derelictions charged in the information are violations of regulations of motor vehicle traffic of a local and municipal nature, over which a home-rule city has exclusive jurisdiction. If not, the general laws of the state apply. Defendant, in support of his

contention that the offenses charged constitute regulation of motor vehicle traffic, over which Denver has exclusive jurisdiction, relies primarily on the case of *Denver v. Henry,* 95 Colo. 582, 38 P. (2d) 895. In that case the only question decided was whether traffic control at street intersections in a home-rule city is a "local and municipal" matter. We held that it was. This issue there became material to a determination of the question of negligence, in a civil action growing out of a street intersection accident. The words "local and municipal," occurring in section 6, article XX, supra, is not a fixed expression that may be eternalized. What is local, as distinguished from general and statewide, depends somewhat upon time and circumstances. *Helmer v. Superior Court,* 48 Cal. App. 140, 191 Pac. 1001. Technological and economic forces play their part in any such transition. As motor vehicle traffic in the state and between home-rule municipalities becomes more and more integrated it gradually ceases to be a "local" matter and becomes subject to general law. That there still is a field in motor vehicle traffic regulation, local in its nature, cannot be questioned. In *Denver v. Henry, supra,* we held that traffic regulation at municipal street intersections was local, to which holding we adhere. In section 164, chapter 16, supra, legislative recognition of local motor vehicle traffic regulations is given, under certain circumstances, and there may be others. Our only concern here is whether the offenses charged in the information involve the regulation of motor vehicle traffic, local in its nature and therefore exclusive to a home-rule city. Are the requirements: that an automobile driver involved in an accident stop his vehicle at the scene of the accident, or close thereto; that he return forthwith to the scene and remain there; that he give certain required information, such as his address and the registration number of his automobile; and that he render to the injured party reasonable assistance, necessarily traffic regulation of a local nature or of a general statewide char-

acter? We think the answer is obvious. The investigation and apprehension of a violator of such requirements is not exclusively a local matter. Infractions of these provisions are of general public concern. Moreover, these requirements do not necessarily relate to traffic control, but provide certain necessary actions on the part of the motorist involved to be taken after an accident occurs to protect the life and property of the injured. The offenses charged in the information here under consideration come under the general police power of the state and do not necessarily relate to regulation of motor vehicle traffic of a "local or municipal" nature, although occurring in a municipality. The motion to quash should have been denied.

The judgment is reversed and the case remanded with directions for further proceedings in accordance with law.