## No. 17,554.

HUBERT HOLLAND *v.* GERALD E. McAULIFFE, JUDGE
MUNICIPAL COURT, ETC.
(286 P. [2d] 1107)

Decided July 25, 1955. Rehearing denied August 15, 1955.

Mr. E. F. CONLY, for plaintiff in error.

Mr. JOHN C. BANKS, City Attorney, Mr. JOSEPH E. NEWMAN, Assistant City Attorney, Mr. BRIAN H. GORAL, Assistant City Attorney, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

AN ordinance of the City and County of Denver, known as Ordinance No. 233, Series of 1953, enacted by the city council on the 16th day of November, 1953, relating to granting power to the municipal court to suspend fines or sentences on condition, including the power of probation in cases involving violations of the municipal ordinances, is here the subject of an attack from all four sides as well as the middle.

This review concerns a judgment of the superior court of the City and County of Denver which had granted a writ of certiorari against defendant in error as judge of the municipal court to review the court's action in the disposition of an alleged offense by plaintiff in error of driving an automobile under suspension, operating and driving without an operator's license. On hearing, the superior court quashed the writ of certiorari and in due course this writ of error was obtained.

Holland, plaintiff in error, was defendant in the municipal court on September 11, 1953, where he was sentenced for the violations herein mentioned, consisting of $150.00 fine and sixty-day jail sentence, and $50.00 fine and thirty-day jail sentence, respectively. Purporting to act under section 154 of the revised municipal code of the City and County of Denver, being Ordinance No. 250 of the Series of 1950, the court suspended the jail sentence and $100.00 of the fines imposed on condition that defendant "refrain from driving any motor vehicle for one

year from date." More than four months thereafter, and on January 28, 1954, purporting to act under the ordinance here in question, amended effective November 21, 1953, the municipal court issued its warrant for the arrest of defendant for an alleged breach of the conditional suspension. The breach claimed was that defendant had, on January 7, 1954, in Adams county, driven an automobile. Learning of the issuance of the warrant, defendant voluntarily presented himself to the municipal court on February 8, 1954, and was admitted to bond for appearance on March 17 for hearing. At the hearing the municipal court, acting under the ordinance here under attack, vacated the suspension; reinstated the original penalties; modified the original sentence to the end that the thirty-day jail sentence should be served concurrently with the sixty-day jail sentence; and then denied defendant's application to appeal such sentence.

Being denied the right of appeal, defendant, on the 20th day of March, 1954, filed a complaint in the superior court alleging generally the facts herein stated, also alleging that the municipal judge, defendant in error, had exceeded his jurisdiction as such judge in and for the City and County of Denver, in that the condition he attempted to impose contained no territorial or jurisdictional limitations and was an usurpation of the function of the motor vehicle department of the State of Colorado; further, that the judgment of March 17, 1954, was a retroactive application of the ordinance of November 21, 1953, and in any event was appealable under the statutes of the State of Colorado; it also was alleged that plaintiff had no plain, speedy or adequate remedy; and prayed the court to issue a citation prohibiting the judge of the municipal court from proceeding further in connection with the order by virtue of such judgment until the further notice of the court.

Citation was issued directing the municipal judge to show cause why the relief requested should not be allowed; directing that he proceed no further in connec-

tion with the judgments relating to plaintiff; and continue the bond given by defendant as effective during the pendency of the action. The files, referred to as the record, of the municipal court were certified to the superior court, and the municipal judge, represented by the city attorney's office, filed a motion to quash the complaint, purporting to be a petition for a writ of certiorari. The grounds of this motion are to the effect that certiorari will not lie except for want of jurisdiction or a manifest abuse of discretion; that the petitioner had in no way shown lack of jurisdiction or abuse of discretion; that he was denied a right of appeal from a final judgment as distinguished from the execution of a judgment; that respondent judge, exercising the inherent right of judicial leniency in the nature of probation, suspended the jail sentence and part of the fine on the condition that petitioner not drive an automobile for a period of one year; that petitioner, under the law, had ten days in which he could perfect an appeal from the conviction, sentence, fine and suspension of sentence and fine; that he failed and neglected to take such appeal; and that he is not now entitled to the issuance of the extraordinary writ of certiorari.

The applicable parts of the ordinance here under attack are as follows:

"1. Mitigation of Punishment; Probation. If the Court shall determine that there are circumstances in mitigation of punishment prescribed by law, or that the end of justice would be best served by granting probation to the defendant, the court shall have the power in its discretion, in lieu of probation, to place the defendant on conditional suspension. Said suspension shall be made only in open court and may be made in whole or in part with or without conditions. Whenever conditions are made, they shall be placed in writing by the Judge and preserved by the Clerk of the Municipal Court for a period of five (5) years. The Clerk of the Municipal Court shall cause a copy of said conditions to be trans-

mitted to the Chief of Police to keep on permanent file as a part of the subject's record for a period of five (5) years. There shall be no limitation in the nature of the conditions, except that they be lawful and that the conditions shall not extend beyond a two year period. For the purpose of maintaining permanent records of conditional suspension, a defendant, before he may accept a conditional suspension, shall be required to give his fingerprints to the police department.

"2. Police Control of Probationers. It shall be the duty of the Chief of Police, or his agent, and the City Attorney, or his duly appointed assistant, to inform the Court of all breach of conditions.

"3. Suspension of Probation. If upon reasonable grounds it appears that the conditions of the suspension have been breached by the defendant, the Court shall upon motion by the City Attorney issue a warrant for the arrest of the defendant requiring that he be brought before the Court to show cause why the conditional suspension imposed against him should not be vacated and the original jail sentence or fine reinstated. If, after taking evidence, the Court finds that the defendant has breached the conditions of suspension, it shall vacate such suspension and reinstate the original sentence or fine. For purpose of appeal, the date of entry of the conditional suspension shall be considered as the date of final judgment."

The above ordinance became effective November 21, 1953, the date of the last publication thereof. The original sentence herein was imposed on September 11, 1953. March 17, 1954, this sentence was reinstated under the authority of the above ordinance. The ordinance in effect at the time of the alleged offense, being section 154.1, ordinance No. 250 of the Series of 1950, is as follows:

"154.1—Continuance or suspension of causes. In any case wherein the municipal court of the City and County of Denver has found any person guilty of having violated an ordinance or provision thereof, it may immediately

after the imposition of fine or sentence suspend or postpone the same in whole or in part, with or without conditions."

While summary procedure in police court cases is countenanced from the standpoint of expediency, such recognition does not tolerate retroactive procedure such as above indicated.

In proper cases, expediency, as well as every-day justice, permits continuing jurisdiction of a defendant in these cases within the territorial limits of the city, and, of course, contrary to the terms of the ordinance this jurisdiction cannot extend beyond the limit of the ninety-day jurisdiction of the court. The ordinance attempting to provide such probationary jurisdiction or control of the defendant for a period of two years, is clearly beyond the limit of any jail sentence that could be imposed. The condition upon which the suspension was entered, namely, "refrain from driving any motor vehicle for one year from date," if given the effect the police court seemed to invoke, the court's jurisdiction would apparently become worldwide regardless of the territorial limits, because the alleged violation of the suspension condition here was not within the territorial limits of the City and County of Denver.

The municipal courts of Denver have only such powers as are within the limitations of Article VI, section 28 of the state constitution. Regardless of the title that may be adopted for courts that enforce the ordinances of the City and County of Denver, they are, nevertheless, justice of the peace courts, and as such, have only such jurisdiction as may be conferred by law. The section of the constitution thus providing is carried into effect by the Denver charter, "In all cases of violation of the provisions of this charter or any ordinance of the city and county, the several justices of the peace of the city and county shall have original jurisdiction." Article VIII, section 156.

It thus appears that these courts have only such pow-

ers as are within the limitations of Article VI, section 28 of the state constitution, supra, and the charter confers the power of enforcement of the city ordinances on the city council. "The council shall have power * * * to enforce ordinances and regulations by ordaining fines not exceeding $300.00 or imprisonment not exceeding ninety days, or by both fine and imprisonment for each and every offense." Article XIV, section 219. Provision for the suspension of sentence or the granting of probation in ordinance violations is not to be found in these charter provisions, and it is to be remembered that these courts in actual operation are for summary and expedient enforcement and are not on the level of courts having criminal jurisdiction to which the powers of probation are extended.

A reading of the sections of the abortive ordinance herein set out discloses that by its terms the municipal court in the last analysis is nothing but an administrative agency, because the court's discretion is withheld by the following provision in the ordinance: "If after taking evidence, the court finds that the defendant has breached the conditions of suspension, it shall vacate such suspension and reinstate the original sentence or fine." The inherent discretion of trial courts in criminal cases, which it many times so humanely exercises, is withheld from the municipal court, and the violator is victimized.

A part of section 154.3 of the ordinance herein set out is: "* * * for purpose of appeal the date of entry of the conditional suspension shall be considered as the date of final judgment." This Court in *Denver v. Bridwell*, 122 Colo. 520, 224 P.(2d) 217, determined that the municipality could not, by ordinance, legally provide the right of appeal to a state court, because this extramural power can be exercised only when authorized by the legislature or granted by the people. Therefore this attempt to define the rights of appeal is wholly invalid. Further, if the municipality cannot grant the right of an appeal, it follows that it cannot deny that right as was

done here, and whether or not the appeal of the conditional suspension or the vacation thereof is considered, the laws of the state control and not the ordinances of the city. The city charter provides for appeals by the aggrieved party from judgments rendered in cases of violations of city ordinances to the county court, where such cases are tried de novo. Our statute, section 48, chapter 147, '35 C.S.A. provides: "Appeals may be taken by any defendant from any judgment of a municipal court * * *." It therefore follows that defendant here had a right to appeal either the original sentence at the time of its pronouncement and suspension, or at the time the suspension was vacated and the original sentence reinstated.

 It is difficult to follow the reasoning advanced concerning the appeal as to whether the suspension of the sentence in September of 1953 was a final judgment or a continuing of the case. If it was a final judgment and an appeal was necessary at the time of its imposition, then it was not subject to modification in March of 1954. If it was a suspension, then it was in effect until the actual suspension was withdrawn and the sentence imposed, and surely, defendant would have the right to appeal from the action of the court at the time the sentence was actually imposed.

On the question of defendant waiving his right to appeal, but not perfecting the appeal within the time provided, the rules generally establishing waiver in such instances, are not cases where trial de novo is provided, they relate to appeals on error. It is to be borne in mind that there is a difference between a passive acceptance of the terms of a sentence and an affirmative acceptance thereof. Under the ordinance in question, it is provided that "a defendant before he *may* accept a conditional suspension shall be required to give his finger prints to the police department." The procedure indicated and required under this ordinance was not followed with this defendant. It may further be pointed out that defend-

ant's failure to file application for appeal at the time of the suspension cannot logically be construed to constitute an acceptance, because it is just as logical to say that the time for appeal did not arise until the sentence actually was imposed. As we have indicated, it is not within the power to prescribe by ordinance the manner and details of appeal. It is to be noted that the ordinance was not passed and effective until more than two months after the suspension was pronounced.

If it was the intent and purpose of the ordinance here in question to limit appeals of municipal court cases, it is contrary to our direction in the case of Denver v. Bridwell, supra, and therefore wholly ineffective and unlawful. Respondent municipal court, being wholly without authority except under an invalid ordinance, its judgment should have been overturned by the superior court, therefore the judgment herein is reversed, the cause remanded, and the trial court is directed to set aside and hold for naught the sentences and fines and the judgment entered thereon.

MR. JUSTICE CLARK and MR. JUSTICE KNAUSS concur in the result.