No. 18,663.

E. O. GEER, MANAGER OF SAFETY, ETC. *v.* JOHN ALANIZ AND
THIRTY-THREE OTHER PERSONS, NOS. 18,664 TO 18,696,
INCLUSIVE.
(331 P. [2d] 260)

Decided October 27, 1958.

Mr. JOHN C. BANKS, City Attorney of Denver, Mr. W. KEITH PETERSON, Assistant, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THIS decision determines thirty-four writs of error prosecuted by E. O. Geer, as Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver. We previously held that the trial court had properly refused to stay proceedings in these cases upon entering its orders for the unconditional discharge of thirty-four prisoners in habeas corpus proceedings, *Geer v. Alaniz,* 137 Colo. 432, 326 P. (2d) 71.

In denying Geer's applications in this court for stays of execution of the thirty-four judgments for discharge, we also held in that case: "No inherent power is lodged in any court to stay the order of discharge, for habeas corpus would be deprived of its efficacy if any court should undertake to continue an imprisonment once held to be unlawful. * * * Such action on the part of the court would defeat the very purpose of habeas corpus." This declaration is in harmony with the concept of the individuality, personality and dignity of man, so pervasively present in the federal and state constitutions, and nowhere therein more indelibly engraved than in that portion of the Bills of Rights in which those governments are charged with never suspending the privilege of habeas corpus, "unless when in case of rebellion or invasion, the public safety may require it." Art. I, Sec. 9, subd. 2, Const. of U.S.; Art. II, Sec. 21, Const. of Colorado.

Habeas corpus has been designated "the greatest of all writs," *People v. Jennings,* 246 N.Y. 258, 158 N.E. 613, 63 A.L.R. 1458, and "the precious safeguard of personal

liberty," concerning which courts are admonished that "there is no higher duty than to maintain it unimpaired," *Bowen v. Johnston, Warden,* 306 U.S. 19, 59 S. Ct. 442, 83 L. Ed. 455. Its ascendancy among the writs should be ever sustained.

Our immediate concern has to do with the propriety of the orders of discharge entered by the trial court in these thirty-four cases. Did the trial court commit reversible error in ordering the discharge of the thirty-four prisoners? To this present problem we now attend.

Each of the prisoners had been charged with violating an ordinance or ordinances of the City and County of Denver, served with a "Summons and Complaint," had either pled guilty or not guilty to the charge or some of the charges lodged against him, and on his guilty plea or after being found guilty upon trial, was sentenced to imprisonment. In most of these cases a fine was also imposed.

No jury trial was afforded any of the thirty-four persons; no counsel was appointed by the court to represent any of them, except senior law students, or in instances some of them were referred to the Legal Aid Society of the Colorado Bar Association; in none of the cases was the defendant compelled to testify against himself, and whenever he testified, it was voluntarily done; and in each trial the defendant was found guilty "by, at least, the preponderance of the evidence."

Many of the charges were for violations of ordinances which are counterparts of state criminal statutes. In each of these cases the judgment imposed an imprisonment for some specific term.

■■ We held in *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614, that home rule ordinance violations are criminal if there are counterpart state criminal statutes, and this by virtue of Art. XX, Sec. 6 of the Constitution which provides in part that: "Any act in violation of the provisions of such charter or of any ordinance thereunder shall be criminal and punishable as such when so

provided by any statute now or hereafter in force." We further held that imprisonment for the violation of a municipal ordinance is a criminal sanction, and thereby intimated that municipal violations are criminal where imprisonment is the authorized penalty.

Whether the thirty-four prisoners were entitled to trials in accordance with criminal procedure because they stood charged either with violations of ordinances which had their counterparts in criminal statutes, or with violations of ordinances (not such counterparts) for which they could be punished by imprisonment, would require a separate consideration by us of each case, a procedure not necessary to the resolution of these cases. Every case before us falls under one or the other of these classes of violations; hence, they should have been tried as criminal cases.

Not having been tried as criminal cases, should these thirty-four prisoners, defendants therein, have been discharged in habeas corpus proceedings?

In 1955 the Charter of the City and County of Denver was amended. The qualified electors of the City and County of Denver voted for an amendment establishing a system of municipal courts for the City and County of Denver, and vested said courts with the powers and duties exercised by justices of the peace, police courts and municipal courts. Pertinent to our inquiry is Sec. 1, subs. 7 of the Charter Amendment. It is as follows:

"7. In any action pending before the Municipal Court in which a party thereto is entitled to a jury trial by the Constitution or general laws of the State, such party may have a jury summoned to try the same. Juries in such cases shall be summoned to try causes therein in the manner provided for the summoning of jurors to try causes before Justices of the Peace. No party shall be entitled to a jury trial in the Municipal Court in any action arising under the ordinances and Charter of the City and County of Denver."

The last sentence in said subsection — "No party

shall be entitled to a jury trial in the Municipal Court in any action arising under the ordinances and Charter of the City and County of Denver" — is invalid wherever the ordinance violated has a counterpart in the criminal statutes of the State, *Canon City v. Merris,* supra; *City of Durango v. Reinsberg,* 16 Colo. 327, 26 Pac. 820; *City of Greeley v. Hamman,* 12 Colo. 94, 20 Pac. 1, or the ordinance, although not a counterpart of a statute, provides for imprisonment for its violation, *Canon City v. Merris,* supra.

With this sentence deleted from the subsection, there is in our opinion a complete, workable and enforceable amendment, affording defendants charged with violations of ordinances, either having a counterpart criminal statute or not having such counterpart but providing for imprisonment when violated, the right to be tried in accordance with criminal process.

The same rule should apply to a charter provision that applies to a statute where a portion thereof is invalid. If that part of the charter amendment remaining after the invalid part is stricken is a complete, workable and enforceable provision, the good thereof is not vitiated by the bad. *Brooks v. Fischer,* 79 Calif. 173, 21 Pac. 652, 4 L.R.A. 429; see *Vinsonhaler v. People,* 48 Colo. 79, 108 Pac. 993.

■ The right to trial by jury, the right to counsel, the right not to incriminate one's self, and related matters are known as alienable constitutional rights or as rights in the nature of personal privilege for the benefit of the person who may seek their protection. Such rights, whenever assertable, may be waived. 16 C.J.S. 290, §91. Having the right to attack the invalid portion of subsection 7, and having the further right to a trial in accordance with criminal procedure, but not having taken advantage of these rights, the thirty-four persons must be deemed to have waived them.

The judgments are therefore reversed.