## No. 18,235.

ALBERT BOOMIE ZEROBNICK *v.* CITY AND COUNTY
OF DENVER.
(337 P. [2d] 11)

Decided March 23, 1959.

Messrs. Zerobnick & Epstein, for plaintiff in error.

Mr. John C. Banks, City Attorney, Mr. James P. McGruder, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

Zerobnick stood before the Municipal Court of Denver accused of six violations of as many ordinances of the City and County of Denver. To these charges he entered pleas of "not guilty." On the issues thus joined he was tried. At the conclusion of the trial the court found him guilty of violating Sections 821.1 and 821.3, relating to gambling, and Section 824.1-1, defining one of the ways in which a person may be held to be a vagrant, all being sections of Ordinance 250, Series of 1950, of the Revised Municipal Code, as amended. The other charges were dismissed.

The court meted out the following punishments: for violating Section 821.1, a fine of $300.00 and jail sentence of ninety days; for violation of Section 821.3, confiscation of dice; and for violation of Section 824.1-1, a fine of $300.00 and jail sentence of ninety days. Dissatisfied, Zerobnick perfected his appeal to the County Court of Denver.

A trial de novo before the County Court resulted in a conviction under Section 824.1-1 only, upon which the court imposed a fine of $300.00 and imprisonment in the County Jail for ninety days. The judgment also provided that the jail sentence be suspended upon the following condition:

"(1). That defendant not be convicted of a violation of the ordinances of the City and County of Denver for a period of two (2) years. It is ordered that if the defendant is convicted of either an ordinance or a criminal statute within said two-year period, such suspension shall forthwith be vacated and the defendant to be remanded to the County Jail for the full period of ninety (90) days."

The judgment thus entered was dated December 11, 1953. On March 30, 1954, the City filed its motion "to reinstate the suspended jail sentence," giving as grounds for its action that Zerobnick had on March 22, 1954, been convicted of violating another ordinance of Denver. Notice of this motion was served on one of counsel representing Zerobnick. By order of the County Court, dated March 31, 1954, the cause was transferred to the Superior Court pursuant to the statute which had just established the latter court. C.R.S. '53, 1957 Cum. Supp., 37-11-1 et seq.

Counsel of record for Zerobnick formally requested leave to withdraw from the case on April 8, 1954, on the ground that they no longer represented him, and on that day the court granted the motion. Without notice to Zerobnick and in his absence the court did, on May 6, 1954, reinstate the ninety-day jail sentence, and directed that mittimus issue. Mittimus was never served on him.

In January 1957 Zerobnick filed his motion to vacate (1) the judgment entered December 11, 1953, and (2) the order reinstating the ninety-day jail sentence entered May 6, 1954. His motion to vacate and its renewal were denied by the court. He seeks reversal by writ of error.

Whether the proceeding be civil or criminal the City is perched precariously on the horns of a dilemma. We shall consider the legal aspects of the proceedings viewed as a civil suit and then viewed as a criminal action. In either view the result will be the same.

Generally, "the practice and procedure of superior courts shall be in accordance with the Colorado rules of civil procedure." C.R.S. '53, 1957 Cum. Supp., 37-11-3. Treating the case as a civil proceeding, the Superior Court was obliged to follow the rules of civil procedure. Did it do so?

The motion to reinstate the jail sentence was a motion within Rules 5 and 7 (b), R.C.P. Colo. By the terms of Rule 5 a party whose appearance is of record should be served personally or through his counsel. In this case the withdrawal of counsel for Zerobnick in no way affected his appearance in the case, and it was incumbent on the City to serve him personally with a copy of the motion or "a written notice of the hearing of the motion, or * * * a written notice of application to set the same for hearing." Rule 7 (b) (1), R.C.P. Colo. See *Thompson v. McCormick*, 138 Colo. 434, 335 (2d) 265.

Whether Rule 55 or Rule 60, R.C.P. Colo. (having to do with defaults and relief from judgments respectively), applies, need not be here determined. In either case, a motion is required to be filed and served in compliance with Rules 5 and 7 (b) to make effective relief in these respects.

Zerobnick was found guilty of vagrancy as defined by the ordinance. The ordinance is a counterpart of C.R.S. '53, 40-8-20, defining vagrancy and providing penalties for one found to be a vagrant. *Canon City v. Merris*, 137 Colo. 169, 323 P. (2d) 614, laid down the rule that violation of an ordinance which is the counterpart of a criminal statute should be tried and punished under the protections applicable to criminal cases even though prosecuted in a municipal court.

Notwithstanding language appearing in the case of *Holland v. McAuliffe*, 132 Colo. 170, 286 P. (2d) 1107, indicating a lack of power in the municipal court to suspend sentences or grant probation in ordinance violations (which lack of power would carry over to the superior court in matters appealed from the municipal

court), nevertheless where the doctrine of the Merris case and the case of *Geer v. Alaniz*, 138 Colo. 177, 331 P. (2d) 260, applies, the privileges of suspension of sentence and of probation may be granted.

The municipal court at the time judgment was entered operated under an ordinance (Ordinance No. 233, Series of 1953), Section 3 of which must be considered. We quote this section:

"3. Suspension of Probation. If upon reasonable grounds it appears that the conditions of the suspension have been breached by the defendant, the Court shall upon motion by the City Attorney issue a warrant for the arrest of the defendant requiring that he be brought before the Court to show cause why the conditional suspension imposed against him should not be vacated and the original jail sentence or fine reinstated. If, after taking evidence, the Court finds that the defendant has breached the conditions of suspension, it shall vacate such suspension and reinstate the original sentence or fine. For purpose of appeal, the date of entry of the conditional suspension shall be considered as the date of final judgment."

Viewed as a criminal case it was incumbent on the court, on motion, to issue a warrant for the arrest of the defendant, requiring that he be brought before the court to show cause why the suspension should not be vacated and the jail sentence reinstated. Hearing on the motion required the taking of evidence and a finding by the court that the conditions of suspension had been breached. None of these prerequisites to reinstatement of the jail sentence appears in this case.

Whether viewed as a civil or a criminal proceeding, we find nothing in the record to sustain the trial court; hence, the judgment must be reversed.

Mr. Chief Justice Knauss dissenting.

Mr. Justice Doyle not participating.