No. 19,113.

WILBERT GAZOTTI *v.* CITY AND COUNTY OF DENVER.
(352 P. [2d] 963)

Decided June 6, 1960.

Mr. HAROLD L. MEADOFF, for plaintiff in error.

Mr. DONALD E. KELLY, Mr. JAMES P. McGRUDER, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

AN ordinance of the City and County of Denver provides that:

"It shall be unlawful for any person to take and carry away or to attempt to take and carry away, with intent to steal or purloin or convert to his own use or possession, anything of value to the owner."

Gazotti, plaintiff in error, was found guilty of a violation of this ordinance, in the municipal court of the City and County of Denver. On appeal to the Superior Court the same result obtained and he was sentenced to a term in the county jail. He filed a motion to dismiss the action in the lower court, and among the grounds upon which the motion was based we find the following:

"A. This Court lacks jurisdiction over the person of the defendant and the subject matter of the action.

"B. The ordinance under which defendant is being tried is unconstitutional on its face and as sought to be applied to defendant in that:

"1. There exists a Colorado State Statute punishing the same conduct.

"2. The ordinance defendant is being tried under authorizes imprisonment as punishment and deprives defendant of his rights to due process.

"3. The conduct prohibited by said ordinance is of statewide concern."

The trial court denied the motion to dismiss and submitted the case to a jury which returned a verdict of guilty, and the aforementioned judgment was entered. Gazotti, seeking review of the judgment, brings the cause here by writ of error.

## QUESTION TO BE DETERMINED

*Does a Home Rule city have the power to adopt and enforce in its municipal courts, an ordinance providing that: "It shall be unlawful for any person to take and*

*carry away or to attempt to take and carry away, with intent to steal or purloin or convert to his own use or possession, anything of value to the owner."?*

█ The question is answered in the negative. It is clear that the subject of larceny is not a matter of local or municipal concern over which the City and County of Denver can exercise jurisdiction by virtue of provisions of Article XX of the Constitution of Colorado. The statute of the state defining the crime of larceny is in part as follows: (C.R.S. '53, 40-5-2)

"Larceny is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods or chattels of another. Larceny shall embrace every theft which deprives another of his money or other personal property, or those means or muniments by which the right and title to property, real or personal, may be ascertained * * *."

That section also provides that if the value of the property stolen or removed exceeds $50.00, then the same shall constitute grand larceny, and provides a penalty for such by confinement in the penitentiary for a term not less than one year nor more than ten years. It also provides that where the article stolen or removed does not exceed the value of $50.00, punishment therefor shall not exceed $300.00 or imprisonment at hard labor for a term not exceeding six months, or by both such fine and imprisonment.

C.R.S. 1953, 40-5-21, provides that larceny under $50.00 shall constitute a misdemeanor.

█ In recent opinions of this court we have discussed at length the issue of law involved in this case. Our opinions in *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614; *Geer v. Alaniz,* 138 Colo. 177, 331 P. (2d) 260; *Zerobnick v. Denver,* 139 Colo. 139, 337 P. (2d) 11; *Davis v. City and County of Denver,* 140 Colo. 30, 342 P. (2d) 674; and *City and County of Denver v. Pike,* 140 Colo. 17, 342 P. (2d) 688, point inescapably to the conclusion that the subject of the ordinance involves a matter of

314

statewide concern covered by a state statute as distinguished from a matter of local and municipal concern.

Our conclusion on the controlling question being decisive of the case, it becomes unnecessary to consider other matters relied on for reversal.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE HALL and MR. JUSTICE DOYLE specially concur.

MR. JUSTICE KNAUSS dissents.

MR. JUSTICE HALL specially concurring:

I am in complete agreement with the *decision* of the majority; however, I feel that the *opinion* is not complete.

The majority opinion states:

"In recent opinions of this court we have discussed at length the issue of law involved in this case. Our opinions in *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614; *Geer v. Alaniz,* 138 Colo. 177, 331 P. (2d) 260; *Zerobnick v. Denver,* 139 Colo. 139, 337 P. (2) 11; *Davis v. City and County of Denver,* 140 Colo. 30, 342 P. (2d) 674; and *City and County of Denver v. Pike,* 140 Colo. 17, 342 P. (2d) 688, point inescapably to the conclusion that the subject of the ordinance involves a matter of statewide concern covered by a state statute as distinguished from a matter of local and municipal concern."

To all of that I subscribe, but I do not subscribe to ignoring the most recent pronouncement of this court — *Retallick v. Colorado Springs,* No. 19,076, decided March 28, 1960.

In the *Retallick* case the majority of this court (Mr. Chief Justice Sutton not participating), in spite of the fact that *the statutes* of the State of Colorado constitute a complete legislative scheme governing the operation of motor vehicles within the boundaries of the state, held

that reckless and careless driving *were matters of local and municipal concern.* In the case at bar, the majority holds that the statutes of the state cover the whole field of larceny and therefore the subject is a matter of state-wide concern and cannot be considered as local and municipal.

As I view the situation, it is impossible to reconcile *Retallick* with the case at bar — they are parallel cases — all the arguments presented in *Retallick* can be urged with equal force in this case — all the arguments advanced in this case apply with equal force to *Retallick*.

Any effort to distinguish the cases can lead only to frustration, futility and failure. Significantly, the majority make no such effort, but ignore *Retallick* as completely as though it were nonexistent.

Though the majority opinion serves the useful purpose of giving to Gazotti his freedom —which may well be short lived — it is, as I view it, wholly inadequate and will, I fear, serve only to create conflict and confusion.

If there are substantial and legitimate grounds for distinguishing *Retallick* from the case at bar, those reasons should be pointed out in the majority opinion and the results reconciled. If such cannot be done, then we should face, rather than ignore, the problem and resolve it with some semblance of consistency.

Mr. Justice Frantz concurs.

Mr. Justice Doyle specially concurring:

I concur in the result. I feel, however, in view of the difficulties inherent in determining the proper allocation of power between municipal and state authority under the Twentieth Amendment of the constitution of this state, that it is appropriate to indicate the reasons for the particular result and to try to fit this case into the complex of decisions which have issued and which threaten to persist. A framework or pattern, even though not

wholly adequate, might contribute to the solution of this most perplexing problem. The opinion of the court does not, it seems to me, adequately explore the complexities that exist in the problem of allocating legislative power between separate governmental units with overlapping territorial jurisdiction and whose job it is to regulate the citizens of a highly mobile and interdependent society. It is no secret that municipal, county, and state officials in Colorado are much concerned over the lack of any reasoned exposition of the thought that has gone into this Court's recent decisions in this area; and this concern seems to me to contradict the view advanced in the opinion of the court, namely, that the decisions following the Merris case have adequately clarified these problems.

The brevity of the court's opinion leaves the implication that the black and white dichotomy between matters that are of statewide concern and matters that are of local and municipal concern which was drawn in the Merris Case still furnishes the test. I do not believe that this is what the opinion actually means. As far as I know this Court abandoned what I call the black and white approach in *Davis v. City and County of Denver,* 140 Colo. 30, 342 P. (2d) 674. It was there stated:

"To hold that matters which are general are the exclusive preserve of the state just as matters local and municipal can be regulated only by the city (once the city has acted) would create a highly inflexible system and would require the state or city to obtain a continuous stream of rulings from this Court as to whether a subject is local or statewide. This kind of "strait jacket" rule is inappropriate to the changing society in which we live and City of Canon City v. Merris, supra, should not be construed as so holding."

A companion case to *Davis* was *City and County of Denver v. Pike,* 140 Colo. 17, 342 P. (2d) 688, which pointed out how seldom it is that an activity can be said in any true sense to be either of exclusive statewide or

of local concern; it pointed out that the root of the difficulty is that usually elements of *both* state and local interest are present. This was not a new or unique observation, for this court had said in *People v. Graham,* 107 Colo. 202, 110 P. (2d) 256:

"The words 'local and municipal,' occurring in section 6, Article XX, supra, is not a fixed expression that may be eternalized. What is local, as distinguished from general and statewide, depends somewhat upon time and circumstances * * * Technological and economic forces play their part in any such transition."

Thus, the proper question to ask in this case is whether larceny is a matter of exclusively local concern (i.e. where the interests of municipalities so outweigh the interest of the state as to preclude *any* state control of the activity within the municipality); and if it is not, whether on balance the interests of the state as a whole are so great as to require that it retain sole legislative jurisdiction over the matter of "statewide concern."

Approaching the question from this standpoint I agree with the result of the majority. The State of Colorado has a general larceny statute. C.R.S. '53, 40-5-2.

The City and County of Denver has attempted by the ordinance in question here to enter this field with an ordinance defining larceny in, if anything, more general terms than the state statute. The ordinance provides:

"It shall be unlawful for any person to take and carry away or to attempt to take and carry away, with intent to steal or purloin or convert to his own use or possession, anything of value to the owner."

The city has in the case of this ordinance sought to define an offense which has been recognized from earliest common law pronouncements as a part of the inherent sovereignty of the state. See 2 *Pollock and Maitland,* History of English Law, 458 et seq. In addition to this historical aspect, the seriousness of the crime from the standpoint of all of the people of the state and the need for uniformity of definition and penalty seems to me to

bring the crime of larceny within the group of crimes which are exclusively within the legislative power of the state. Noteworthy also is the fact that the Colorado Constitution, Article XVIII, Sec. 4, defines a felony "wherever it may occur in * * * the laws of the state." Since larceny in its more serious degree is a felony this constitutional recognition tends to brand the entire subject as a state matter.

It is clear that this ordinance is not aimed at any specific problem, other than the general one faced by all citizens and communities in Colorado, i.e. that some people intentionally, unjustifiably, and indiscriminately take other people's property. There is not even evidence that it is geared to a particular type of theft that might be peculiar, say, to cities of metropolis size. What we have then is an attempt by the city to create a separate offense that is punishable by a penalty different from that provided in the state statute. There is a state interest here in clarity of definition of what conduct is prohibited. The language defining prohibited conduct is not the same here. The interest of every citizen in avoiding a hodge podge of overlapping and closely related but not identical definitions of criminal conduct is a strong one. The interest of the state in securing a high level of enforcement, a parity in sentencing procedures, and effective reformatory practices, is also most important. The only interests of cities would seem to be the advantage of utilizing their own enforcement machinery. Undoubtedly they also consider the area of petty theft as one in which the more summary procedures of a municipal court can more expeditiously process the large volume of cases.

The cataloguing of the conflicting interests makes it entirely clear that the local interests are meager. The state interests not only predominate; they exclude those of the locality.

Consequently I am of the opinion that this area of major crime of general significance to all citizens of the

state is one of statewide concern and one in which the state law pre-empts the field and precludes any general regulation of theft by the local units of government.

The historical and analytical factors in this larceny area are not present in the field of traffic enforcement and thus *Retallick v. Colorado Springs,* No. 19,076, referred to in the concurring opinion of Mr. Justice Hall, is clearly distinguishable. Pre-emption such as we find in the case at bar is not present in the field of reckless driving, wherein local interests justify a holding that the subject is susceptible to local legislative jurisdiction.

For the above reasons I concur in the reversal.