Anthony MARTINEZ,
Petitioner-Appellee,

v.

The Honorable Samuel M. KIRBENS, one
of the judges of the County Court, City
and County of Denver, Respondent-Appellant.

No. 83CA1357.

Colorado Court of Appeals,
Div. II.

June 6, 1985.

Rehearing Denied July 11, 1985.

Certiorari Granted Dec. 16, 1985.

David F. Vela, Colo. State Public Defender, Claudia Jordan, Deputy State Public Defender, Denver, for petitioner-appellee.

Stephen H. Kaplan, City Atty., David E. Ramirez, Howard E. Willner, Lee G. Rallis, Charles H. Torres, Asst. City Attys., Denver, for respondent-appellant.

SMITH, Judge.

In this C.R.C.P. 106, case the Denver County Court and Judge Samuel M. Kirbens, one of the judges thereof, appeal from a judgment of the district court determining that the county court was without jurisdiction to revoke probation and reinstate a sentence where the probation imposed was for a longer period than the maximum jail sentence that could have been imposed for the municipal ordinance violation of which petitioner, Anthony Martinez, was convicted. We affirm.

Petitioner was convicted of violating a Denver municipal ordinance for which the maximum jail sentence was 180 days. Judge Kirbens imposed a jail sentence of

83 days, but suspended execution of the same and placed petitioner on probation for a period of one year. Some seven months thereafter petitioner was arrested for violating the conditions of probation and upon being returned to court, Judge Kirbens ordered probation revoked and directed petitioner to commence serving the previously imposed 83 day sentence.

■ The city attorney, on behalf of the Denver County Court asserts that because Denver is a home rule city, its ordinances supersede state law and govern the county court's jurisdiction as it relates to the punishment scheme applicable to municipal ordinance violations. We disagree.

The Denver County Court's probation authority derives from Denver Revised Municipal Code § 14–61, which provides, *inter alia:*

"*[T]he county court shall have the power to suspend the imposition or execution of all or a part of the sentence, and/or to place such person on probation for such period and upon such reasonable terms and conditions in conformity with this article as it may deem best.* Such court, subject to the provisions of this article, may revoke or modify any condition of suspension or probation, or may change the period of suspension or probation. *The period of suspension or probation, together with any extension thereof, shall not exceed one year from the date of conviction or entry of plea.*" (emphasis added)

From the language of this provision, the Denver County Court reasons that it may impose probation for one year in all cases even though the maximum jail sentence for all ordinance violations for which a specific penalty is not otherwise provided, such as the one involved here, is 180 days. We reject this reasoning.

■ In interpreting Colo. Const. art. XX, § 6, our Supreme Court has held that uniformity in the treatment and disposition of an offense must be achieved whether an act is a statutory crime or the violation of the municipal ordinances of a home rule city. *Canon City v. Merris,* 137 Colo. 169, 323 P.2d 614 (1958). Insofar as the rights of offenders are concerned, we construe this rule to require consistency of philosophy in sentencing as well as in pretrial and trial procedures. *See Zerobnick v. City & County of Denver,* 139 Colo. 139, 337 P.2d 11 (1959).

In *Holland v. McAuliffe,* 132 Colo. 170, 286 P.2d 1107 (1955), the Supreme Court reversed a case in which the Denver Municipal Court had imposed a jail sentence after revocation of probation under conditions identical to those here. In that case, although the reversal was premised upon a lack of probation authority, the court commented that:

"In proper cases, expediency, as well as every-day justice, permits continuing jurisdiction of a defendant in these cases within the territorial limits of the city, and, of course, contrary to the terms of the ordinance this jurisdiction cannot extend beyond the limit of the ninety-day jurisdiction of the court. The ordinance attempting to provide such probationary jurisdiction or control of the defendant for a period of two years, is clearly beyond the limit of any jail sentence that could be imposed."

Also in *People v. Knaub,* 624 P.2d 922 (Colo.App.1980) we stated: "[T]he duration of a period of probation is limited to the maximum term of imprisonment specified for the [statutory] offense in question...." Although this case turned on an interpretation of the language of the Colorado sentencing and probation statutes, the underlying principle is clear. Since probation is a constructive confinement "the restraints of probation cannot exceed ... the maximum term of imprisonment authorized by the statute violated." *Hicklin v. State,* 535 P.2d 743 (Wyo.1975).

■ Thus, we hold that, although generally authorized to impose sentences of

probation not to exceed a maximum of one year, the Denver County Court may not impose such sentence for any longer term than the length of imprisonment that could otherwise be imposed for the same municipal ordinance violation. Thus, the one year probation sentence imposed here was void, as was the attempted revocation and subsequent imposition of imprisonment.

The judgment of the district court prohibiting the county court from proceeding is affirmed.

KELLY and STERNBERG, JJ., concur.