BOULDER BUILDERS GROUP, a non-profit membership association; Centermark Corporation, a Colorado corporation; Cliff Associates, Inc., a Colorado corporation; Terry L. Corzine, Inc., a Colorado corporation; Robert R. Dugan, an individual; Flagstaff Development Corporation, a Colorado corporation; Thomas M. Fowler, an individual; FYR Investments, a Colorado general partnership; Randall J. Hartmann, an individual; Ralph Hofele, an individual; Hudson Ideal Co., a Colorado corporation; James Construction Company, Inc., a Colorado corporation; Michael Markel, an individual; Richard L. McCabe, an individual; McStain Enterprises Inc., a Colorado corporation; Merle T. Northrop, an individual; Pawnee Meadows Co., a Colorado general partnership; Carl Scott, an individual; Sinco International, a Delaware corporation; Don W. Vanlandingham, an individual; Robert L. Von Eschen, an individual; Bob S. Von Eschen, an individual; Wonderland Homes, Inc., a Colorado corporation; and Wyatt Construction Co., Inc., a Colorado corporation, Plaintiffs–Appellants,

v.

The CITY OF BOULDER, Colorado, a Colorado municipal corporation; and The City Council of the City of Boulder, Colorado, Defendants–Appellees.

No. 86CA0158.

Colorado Court of Appeals,
Div. III.

Feb. 11, 1988.

Rehearing Denied March 17, 1988.

Certiorari Denied Aug. 22, 1988.

Guy A. Hollenbeck, P.C., Guy A. Hollenbeck, Mary R. Cook, Boulder, for plaintiffs-appellants.

Office of the City Atty., Joseph N. DeRaismes, City Atty., Jane W. Greenfield, Walter W. Fricke, Jr., Deputy City Attys., Boulder, for defendants-appellees.

VAN CISE, Judge.

In 1985, the City of Boulder, a home-rule city, through its city council, adopted, as part of its zoning regulations, Ordinance No. 4877 (the Growth Ordinance), which limits the number of building permits for new dwelling units that the city will issue each year to correspond to a rate of population growth of not more than two percent per year. Plaintiffs are persons or entities engaged in the business of construction and sale of residential dwelling units within the city or who own property within the city upon which they desire to build such

units and who have applied for and been denied building permits or who intend to apply and risk denial of their applications. They brought this action against the city and the city council, seeking a declaratory judgment that the "city's adoption and implementation of the Growth Ordinance is an *ultra vires* exercise of the city's powers and that the Growth Ordinance is therefore void." The trial court granted defendants' C.R.C.P. 12(b)(5) motion for failure to state a claim for relief, and dismissed the action. Plaintiffs appeal, and we affirm.

The trial court properly held, and the city conceded, that plaintiffs alleged injury in fact sufficient to survive a motion to dismiss. As to standing, *see generally Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977); *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968). Whether the injury was to a legally protected interest turns on the determination of the merits of the case.

We reject the plaintiffs' contention to the contrary and agree with the trial court that the city's adoption of the Growth Ordinance was not *ultra vires.* As a home-rule city, Boulder's charter and ordinance provisions supersede conflicting state statutes in matters of purely local and municipal concern. In matters of exclusively statewide concern, state statutes supersede conflicting local enactments. Some matters are of concern to both home-rule cities and the state ("mixed concern"), in which cases local enactments and state statutes may coexist if they do not conflict. *City & County of Denver v. Colorado River Water Conservation District,* 696 P.2d 730 (Colo. 1985); *Dempsey v. City & County of Denver,* 649 P.2d 726 (Colo.App.1982).

One method used to determine whether a matter is of state-wide, local, or mixed concern, is to weigh various factors on a case-by-case basis. *Denver & Rio Grande Western R.R. Co. v. City & County of Denver,* 673 P.2d 354 (Colo.1983).

Since we are not persuaded that the matter will have a substantial impact on persons living outside the municipal limits, *see People ex rel. Public Utilities Commission v. Mountain States Telephone &* *Telegraph Company,* 125 Colo. 167, 243 P.2d 397 (1952), or that uniformity of regulation is desirable, *People v. Graham,* 107 Colo. 202, 110 P.2d 256 (1941), we conclude that the Growth Ordinance is not a matter of state-wide concern.

Another method to determine whether a matter is of state-wide concern is urged by plaintiffs. They assert that the enactment of other statutes, such as § 24–37–202(1)(a) C.R.S. (1982 Repl.Vol. 10) (concerning responsibilities of Division of State Planning to make studies relevant to population and urban growth), or the Colorado Land Use Act, § 24–65–101, et seq., C.R.S. (1982 Repl.Vol. 10) (enacted because "the rapid growth and development of the state" makes it necessary "to encourage planned and orderly land use development"), illustrate the state's intent to preempt the field of population growth and development so as to void *any* local enactments. We disagree.

While these statutes express the concern of the state in the area of population growth and development, this is consistent with a conclusion that the matter is one of mixed local and state-wide concern. In addition, the general assembly has enacted legislation which assigns matters of growth management to local governments. *See* §§ 31–23–206 and 207, C.R.S. (1986 Repl.Vol. 12B) (duty of planning commission to make and adopt master plan for physical development of municipality including, *inter alia,* distribution of population) and § 31–23–301 (empowers municipality "to regulate and restrict ... the density of population"). Therefore, we hold that the subject matter of the Growth Ordinance is not one of exclusive state-wide concern.

It is of no consequence here whether the subject matter of the Growth Ordinance is of purely local concern or of mixed state and local concern. If purely local, any conflicting state statute would be superseded. *DeLong v. City & County of Denver,* 195 Colo. 27, 576 P.2d 537 (1978). If it concerns both Boulder and the state, it is not invalid unless it conflicts with a state statute, *Denver & Rio Grande, supra;*

**754**

*Ray v. City & County of Denver,* 109 Colo. 74, 121 P.2d 886 (1942); and there is no conflict here.

■ Plaintiffs assert that the Growth Ordinance conflicts with the Colorado Population Advisory Council Act, § 24-40-101, et seq., C.R.S. (1982 Repl.Vol. 10). We disagree. Our reading of that statute convinces us that no part of it preempts population control or conflicts with the Growth Ordinance, and, in fact, § 24-40-104(1)(g), C.R.S. (1982 Repl.Vol. 10) is consistent with the Ordinance.

The other contentions of plaintiffs are without merit. Judgment affirmed.

STERNBERG and JONES, JJ., concur.