**79SA201**

**The People of the State of Colorado and City of Aurora v. The District Court in and for the 17th Judicial District, County of Adams, State of Colorado, Jean Jacobucci, Chief Judge of Said Court, Harlan Bockman, a Judge of Said Court and Frank Hayes**

(599 P.2d 260)

Decided August 27, 1979.

William R. Sprague, City Attorney, Claybourne M. Douglas, for petitioners.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Dorian E. Welch, Deputy, for respondent district court.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

The People brought an original proceeding to contest the jurisdiction of the respondent district court to order the release of a person confined to the Adams County jail for failure to satisfy a fine and costs in the amount of $56. We issued a rule to show cause and now make the rule absolute.

After the respondent Hayes pled guilty to a charge of malicious injury to property under section 10-1-10 of the Aurora Municipal Code, he failed to pay his fine and costs. The municipal judge issued a warrant of commitment ordering him incarcerated in the Adams County jail until he satisfied the fine at the rate of $5 per day, as provided in section 10-1-4(c) of the Aurora Municipal Code. Hayes then sought an order of release and of discharge of the obligation to pay the fine and costs pursuant to section 16-11-502(6), C.R.S. 1973 (now in 1978 Repl. Vol. 8). Respondent Judge Bockman granted the order *ex parte.* Subsequently, respondent Chief Judge Jacobucci denied the petitioner's motion for relief from the *ex parte* order.

The only issue is whether the respondent judges acted outside the jurisdiction conferred by section 16-11-502(6), C.R.S. 1973. The statute provides:

"(6)  If it satisfactorily appears to the district court of the judicial district in which a person is confined that such person is confined in jail or in the state penitentiary or other place of confinement, for any fine or costs of prosecution for any criminal offense, and has no estate whatever with which to pay such fine and costs, or costs only, it is the duty of the court to discharge such person from further imprisonment for the fine and costs.

Nothing in this subsection (6) shall authorize any person to be discharged from imprisonment before the expiration of the time for which he may be sentenced to be imprisoned as part of his punishment. The court shall hear without delay any application made under this subsection (6)."

Petitioner contends that the statute does not apply to violations of municipal charters or ordinances. This argument is based on section 16-1-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8) which states:

"The provisions of this code are intended to create, define, and protect rights, duties, and obligations as distinguished from matters wholly procedural. Except as specifically set forth in this code the provisions of this code are not applicable to proceedings under the 'Colorado Children's Code' or to *violations of* municipal charters or *municipal ordinances.*" (Emphasis added.)

Since section 16-11-502(6) is part of the Code of Criminal Procedure, of which section 16-1-102 is also a part, we agree that it cannot be applied to proceedings arising from a violation of a municipal ordinance, absent some express indication to the contrary in the statute.

Respondents argue that the language "any criminal offense" in section 16-11-502(6) constitutes the specific exception called for by section 16-1-102 and that "any criminal offense" includes violations of municipal ordinances. The suggested construction would twist the plain meaning of the statute. Although the language "any criminal offense" is broad, it is limited by section 16-1-102.

Respondents also argue that the legislative history of section 16-11-502(6) indicates that the General Assembly intended that it would apply to proceedings brought under municipal ordinances. It is true that prior to the enactment of section 16-1-102 there was no statute precluding the applicability of C.R.S. 1963, 39-10-9 to violations of municipal ordinances. However, the General Assembly has since repealed and reenacted the Code of Criminal Procedure and provided that the Code did not apply to violations of municipal ordinances. We decline to accept the respondents' argument that the failure to make section 16-11-502(6) specifically applicable to violations of municipal ordinances was an oversight.

This opinion is not directed toward the question of whether it is unconstitutional for an indigent to be incarcerated for failure to pay a fine imposed for a violation of a municipal ordinance or charter provision because the issue has not been properly raised and is not ripe for determination.

Upon the basis above discussed, the respondent judges were without jurisdiction to issue an order releasing Hayes and discharging his obligation to pay the fine and costs.

Rule made absolute.