The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

James Michael KNAUB, Defendant-Appellant.

No. 80CA0282.

Colorado Court of Appeals, Div. I.

Dec. 4, 1980.

Rehearing Denied Dec. 26, 1980.

Certiorari Denied March 9, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

G. Philip Bryson, Longmont, for defendant-appellant.

COYTE, Judge.

Defendant, James Michael Knaub, pled guilty to charges of misdemeanor theft and false reporting to authorities. Misdemeanor theft, as a class 2 misdemeanor, is punishable by a maximum sentence of 12 months imprisonment or a $1,000 fine or both. *See* § 18–1–106, C.R.S.1973 (1978 Repl.Vol. 8). False reporting to authorities, as a class 1 petty offense, is punishable by a maximum sentence of 6 months imprisonment or a $500 fine or both. *See* § 18–1–107, C.R.S.1973 (1978 Repl.Vol. 8). Imposing consecutive sentences, the trial court placed defendant on 2 years probation and fined defendant $250. Defendant appeals his sentence. We reverse.

■ Defendant first contends that the trial court erred in imposing consecutive rather than concurrent sentences. We disagree. Section 18–1–408, C.R.S.1973 (1978 Repl.Vol. 8) requires the imposition of concurrent sentences only where the counts for which the defendant was convicted were supported by identical evidence. *People v. Taylor*, 197 Colo. 161, 591 P.2d 1017 (1979). Here, the evidence supporting misdemeanor theft is clearly not identical with the evidence supporting false reporting to authorities.

Defendant next contends that Colorado law requires that the duration of probation be no longer than the allowable term of confinement. We agree.

Section 16–11–101, C.R.S.1973 (1978 Repl. Vol. 8) provides that:

"(1) Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:

(a) The defendant may be granted probation unless the offense of which he is convicted makes him ineligible for probation . . . . "

Probation is a purely statutory creation whose terms must be derived from the applicable statute. *People v. Ledford*, 173 Colo. 194, 477 P.2d 374 (1970). Criminal statutes must be strictly construed in favor of the accused. *People v. Cornelison*, 192 Colo. 337, 559 P.2d 1102 (1977), and courts have no jurisdiction to sentence inconsistently with the maximum specified by statute, *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978).

■ Construing the phrase of § 16–11–101(1) "within the limitations of the penalties provided by the classification of the offense . . . ," in light of the above principles, we conclude that the duration of a period of probation is limited to the maximum term of imprisonment specified for the offense in question, and the provision of § 16–11–202, C.R.S.1973 (1978 Repl.Vol. 8) permitting the court to grant probation "for such a period and upon such terms and conditions as it deems best," does not give the court the authority to extend the terms of probation beyond the maximum term of imprisonment. *See also Hicklin v. State*, 535 P.2d 743 (Wyo.1975), in which the court concluded that since probation is a constructive confinement, "the restraints of probation cannot exceed . . . the maximum term of imprisonment authorized by the statute violated."

Defendant's sentence is vacated and the cause is remanded to the trial court for sentencing of defendant consistent with this opinion.

PIERCE and RULAND, JJ., concur.