The PEOPLE of the City and County of Denver, Petitioner,

v.

Donald WADE, Respondent.

No. 87SC168.

Supreme Court of Colorado,
En Banc.

July 18, 1988.

---

Stephen H. Kaplan, City Atty., John D. Poley, Asst. City Atty., Mark R. Muller, Denver, for petitioner.

Carlos M. Sandoval, James S. Covino, Andre Adeli, University of Denver Student Law Office, Denver, Student Counsel, for respondent.

ROVIRA, Justice.

We granted certiorari to determine whether the City and County of Denver, a home rule city, may authorize its courts to impose a term of probation for a period longer than the maximum jail sentence which the court could impose for an ordinance violation. We conclude that it may, and therefore reverse the district court's decision to the contrary.

### I.

As a result of a plea bargain, respondent Donald Wade pleaded guilty in Denver County Court to operating an unsafe automobile in violation of section 54–68(a) of the Revised Municipal Code of the City and County of Denver (D.R.M.C.).[1] The maximum punishment for violating section 54–68(a) is 180 days in jail or a fine of $999, or both, but the court may, in its discretion, suspend all or part of the sentence and impose a term of probation not exceeding one year. D.R.M.C. §§ 1–13 & 14–61 (1987).[2] The court ordered Wade to pay a fine of $58 and to serve 30 days in the county jail. The court then suspended the jail sentence and placed Wade on probation for one year.

On appeal to the Denver District Court, Wade argued that the county court was without authority to sentence him to a term of probation longer than 180 days, because that was the longest period to which he could have been sentenced to jail. The district court agreed, and accordingly remanded the case for resentencing.

The district court relied primarily on the decision of the court of appeals in *Martinez v. Kirbens*, 710 P.2d 1138 (Colo.App.1985), *rev'd on other grounds*, 742 P.2d 330 (Colo.1987), which found that section 14–61 could not be interpreted to permit county courts to impose terms of probation longer than the maximum jail sentences to which offenders could be sentenced. The facts in *Martinez* were, as far as relevant, identical to those in this case. The court of appeals explained:

> In interpreting Colo. Const. art XX, § 6, our Supreme Court has held that uniformity in the treatment and disposition of an offense must be achieved whether an act is a statutory crime or the violation of the municipal ordinances of a home rule city. *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614 (1958). Inso-

---

**1.** Wade was originally charged with speeding. In his appeal to the district court, Wade argued that the sentence was excessive in light of the relatively minor offense to which he pleaded guilty. The district court disagreed, noting that Wade's "deplorable" driving record included, among other things, his having accumulated 23 penalty points within 2 years and 4 months after he first received his license. Wade has not appealed that portion of the district court's order.

**2.** Section 14–61, D.R.M.C. (1987), provides:
**Authority of court.** Whenever any person shall be adjudged guilty of, or has entered a plea of guilty or nolo contendere to, a violation of any ordinance of the city ... where the court has discretion as to the penalty, and, it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be best served thereby, *the county court shall have the power* to suspend the imposition or execution of all or part of the sentence, and/or *to place such person on probation for such period and upon such reasonable terms and conditions in conformity with this article as it may deem best.* Such court, subject to the provisions of this article, may revoke or modify any condition of suspension or probation, or may change the period of suspension or probation. The period of suspension or probation, together with any extension thereof, shall not exceed one year from the date of conviction or entry of plea.
(Emphasis added.)

far as the rights of offenders are concerned, we construe this rule to require consistency of philosophy in sentencing as well as in pretrial and trial procedure. *See Zerobnick v. City & County of Denver,* 139 Colo. 139, 337 P.2d 11 (1959). 710 P.2d at 1139. The court found that under the state sentencing scheme, an offender could not be sentenced to a term of probation longer than the maximum term of imprisonment to which he could have been sentenced for the same offense, and concluded that Denver's sentencing scheme must be interpreted so as to remain consistent with the state's "philosophy in sentencing."

## II.

The state constitution specifically grants to home rule cities those powers:

> [N]ecessary, requisite or proper for the government and administration of its local and municipal matters, including power to legislate upon, provide, regulate, conduct and control:
>
> . . . .
>
> h. The imposition, enforcement and collection of fines and penalties for the violation of any of the provisions of the charter, or of any ordinance adopted in pursuance of the charter.

Colo. Const. art. XX, § 6.

That power is not unbridled: The constitution also provides that home rule cities must treat as criminal offenses the violation of any ordinance that proscribes conduct also proscribed by state statute. *Id.* *See also City of Greenwood Village v. Fleming,* 643 P.2d 511 (Colo.1982). That requirement has the salutary effect of ensuring that "uniformity in treatment and disposition of an offense is achieved, whether the act is a statutory crime in the area [outside the boundaries of the home rule city] or a violation of the ordinance in [the city itself]." *Canon City v. Merris,* 137 Colo. 169, 180, 323 P.2d 614, 620 (1958). As Justice Moore elaborated,

> [T]his portion of the constitution amounts in substance to a reaffirmance of the Bill of Rights.... It means that a

person who is alleged to have committed the same act within the boundaries of a home rule city cannot be deprived of the basic protections guaranteed by the Bill of Rights simply because the effort to subject him to fine or imprisonment takes the form of an alleged violation of a city ordinance.

137 Colo. at 185, 323 P.2d at 622 (Moore, J., specially concurring).

We do not accept the court of appeals' conclusion, however, that "uniformity in the treatment and disposition of an offense" requires that penalties mandated by city ordinances and state statutes be based on similar sentencing principles. Neither our previous decisions nor relevant legislation supports such a limitation on a home rule city's power to select appropriate punishments for violations of the city's laws.

In *City of Aurora v. Martin,* 181 Colo. 72, 507 P.2d 868 (1973), for example, we held that Aurora's laws prohibiting assaults and batteries and the accompanying penalties were valid notwithstanding the state's proscription of identical conduct, and notwithstanding the fact that the penalties for assault and battery under state law were substantially harsher than those penalties authorized under Aurora's law. Similarly, in *Woolverton v. City & County of Denver,* 146 Colo. 247, 361 P.2d 982 (1961), we upheld Denver's prohibition of gambling against a challenge that the city ordinance was preempted by a similar state statute, which statute provided markedly less severe sanctions than Denver's ordinance. Although *Canon City* and *Woolverton* centered on a city's fundamental power to enact criminal legislation in the face of existing state regulation, it is also clear from the reasoning of both cases that a city's choice of a sentencing scheme different from the state's is well within the city's constitutional power as a home rule city.

That conclusion is further mandated by the legislature's affirmative expression of its intent that state penalties for offenses not be understood as preempting home rule city laws. The Code of Criminal Procedure, §§ 16–1–101 to –13–601, 8A C.R.S.

(1986 & 1987 Supp.), which governs sentencing in the state courts, is the sole authority on which the court of appeals has relied in finding that a probationary term is limited to the maximum term of imprisonment applicable to a particular offense. *See People v. Flenniken*, 720 P.2d 617 (Colo.App.1986), *rev'd* 749 P.2d 395 (Colo. 1988); *Martinez*, 710 P.2d 1138; *People v. Knaub*, 624 P.2d 922 (Colo.App.1980). Yet the Code itself contains the following limitation on its scope: "[e]xcept as specifically set forth in this code, the provisions of this code are not applicable ... to violations of municipal charters or municipal ordinances." § 16–1–102, 8A C.R.S. (1986). *See People v. District Court*, 198 Colo. 284, 599 P.2d 260 (1979).

Moreover, although the legislature has commanded that the state motor vehicle laws "shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein," the same section also provides that "[a]ll local authorities may enact, adopt, or enforce traffic regulations which cover the same subject matter as the various sections of this article...." § 42–4–108(1)(a), 17 C.R.S. (1984). In *City of Greenwood Village v. Fleming*, 643 P.2d 511 (Colo.1982), we explained the meaning of section 42–4–108 while rejecting Greenwood Village's argument that it permitted the city to decriminalize certain traffic offenses:

> [It] does no more than grant a municipality the authority to prosecute violations of its traffic ordinances through its own court system *under a penalty scheme of its own choosing*, but always consistent with the procedural protections accorded a criminal defendant charged with violating a state statute proscribing the same conduct.

643 P.2d at 518 (footnote omitted) (emphasis added).

The respondent argues only that Denver's sentencing scheme is inconsistent with the state's "philosophy in sentencing." He does not contend that he has a fundamental constitutional right to receive a term of probation no longer than the jail sentence he could have received, nor does he contend that he has been deprived of those "procedural protections afforded a criminal defendant" under state law.

We find no support for respondent's argument either in the constitution, or in the state laws on which respondent relies as providing limitations on probation terms, or in our prior decisions explaining the meaning of article XX, section 6. Indeed, to find that a home rule city's penal ordinances must share the state's so-called "philosophy in sentencing" would diminish, to a large degree, the independence and self-determination vested in those cities by the constitution.

We hold, therefore, that article XX, section 6 of the constitution does not require that a home rule city's sentencing scheme evidence "consistency of philosophy in sentencing" with the state's sentencing provisions. Even if state statutes preclude the imposition of probation for a term longer than the maximum imprisonment authorized for a particular offense—an issue on which we express no opinion [3]—that limitation serves as no constraint on a home rule city's right to impose its own system of punishments for violations of its ordinances.

Accordingly, the judgment of the district court is reversed.

---

**3.** In *People v. Flenniken*, 749 P.2d 395 (Colo. 1988), we held that a defendant in a felony case may be sentenced to a term of probation that exceeds the maximum term of imprisonment in the presumptive range for the crime he committed. We did not address whether a term of probation may exceed the applicable maximum sentence in the aggravated range, nor whether a misdemeanor defendant may be sentenced to a term of probation exceeding the maximum authorized term of imprisonment. 749 P.2d at 400 n. 4; *see also Hunter v. People*, 757 P.2d 631 (Colo. 1988).