The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Aaron Quinn MARTINEZ, Defendant–Appellant.

No. 91CA1266.

Colorado Court of Appeals, Div. V.

June 4, 1992.

Rehearing Denied July 16, 1992.

Certiorari Denied Feb. 1, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Aaron Quinn Martinez, appeals from the sentence imposed following the entry of his guilty pleas to one class 6 felony, two misdemeanors, and a traffic offense. We affirm.

As the result of an incident in which defendant, while intoxicated, stole two motor vehicles and broke into a third, he was charged with three felony offenses, four misdemeanor offenses, and two traffic offenses. He subsequently entered guilty pleas to an added class 6 felony, two of the misdemeanor counts, and one traffic offense. The remaining charges were dismissed.

Defendant was sentenced to a ten-year term of probation for the class 6 felony and one-year probation on each of the misdemeanor counts, which were ordered to run concurrently. He was further ordered to pay restitution in excess of $3,500 for the

damage he caused to several of the vehicles.

## I.

Defendant first contends the court exceeded its jurisdiction in imposing a ten-year sentence to probation. He maintains that under the statutory scheme, the maximum term of a sentence to probation may not exceed the maximum term of imprisonment for the crime committed. We disagree.

Three separate sentencing statutes are involved in our analysis of defendant's claim. Section 16–11–101(1)(a), C.R.S. (1986 Repl.Vol. 8A), which lists a sentencing court's various sentencing options, provides in pertinent part:

(1) Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:

(a) The defendant may be granted probation unless the offense of which he is convicted makes him ineligible for probation....

The power of the court to impose a sentence to probation is described specifically in § 16–11–202, C.R.S. (1986 Repl.Vol. 8A). That statute provides:

When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best.

Finally, § 18–1–105(1)(a)(IV), C.R.S. (1991 Cum.Supp.) lists the minimum and maximum authorized presumptive range penalties applicable to those persons who have committed a felony on or after July 1, 1985. As is pertinent here, the presumptive range penalty for a class 6 felony such as the one to which defendant entered a guilty plea is one to two years imprisonment.

The primary task of an appellate court in construing a statute is to discern the intent of the General Assembly. Words and phrases must be given effect according to their plain and ordinary meaning, and the statute should be interpreted in such a way as to give sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986).

Statutes should be interpreted, if possible, to harmonize and give meaning to other potentially conflicting statutes. *People in Interest of D.L.E.,* 645 P.2d 271 (Colo. 1982). If statutory language is clear and the legislative intent appears reasonably certain, there is no need to resort to other rules of statutory construction. *In Interest of R.C.,* 775 P.2d 27 (Colo.1989). However, in the event that the meaning of one or more statutes is in dispute, a court must consider the results of the construction urged. *People in Interest of K.M.J.,* 698 P.2d 1380 (Colo.App.1984).

■ Applying these rules of statutory construction here, we conclude that the sentencing court did not exceed its jurisdiction in imposing a ten-year probationary term. We initially note that sentences to imprisonment are governed by § 16–11–301 through § 16–11–310, C.R.S. (1986 Repl. Vol. 8A), and are expressly subject to the provisions of § 18–1–105, C.R.S. (1986 Repl.Vol. 8B), with respect to the length of imprisonment for various offenses. In contrast, a sentence to probation is governed by § 16–11–201 through § 16–11–213, C.R.S. (1986 Repl.Vol. 8A). *People v. Flenniken,* 749 P.2d 395 (Colo.1988). Those statutory provisions contain no express reference to § 18–1–105, C.R.S. (1986 Repl. Vol. 8B). Hence, a reasonable interpretation of these statutes is that the terms of § 18–1–105, C.R.S. (1986 Repl.Vol. 8B) do not apply to sentences to probation and that the statute, therefore, in no way limits the duration of a probationary term. *See People v. Flenniken, supra.*

Defendant argues, however, that the introductory language in § 16–11–101(1)(a), C.R.S. (1986 Repl.Vol. 8A) sufficiently connects Article 1, Part 1 of Title 16 to the sentencing term limitations in § 18–1–105, C.R.S. (1986 Repl.Vol. 8B). This argument has been specifically rejected in *People v.*

*Flenniken, supra.* In that case, our supreme court determined that adoption of defendant's interpretation would render the express limitations in §§ 16–11–101(1)(b) and 16–11–302, C.R.S. (1986 Repl.Vol. 8A) mere surplusage.

Moreover, the policy reasons for not limiting a term of probation to the maximum presumptive term of incarceration as set out in *People v. Flenniken, supra,* are equally applicable to defendant's claim that a term of probation not exceed the maximum aggravated range term of incarceration.

█ The purposes underlying incarceration and a term of probation are fundamentally different. The former is primarily punitive, while the primary goal of probation is rehabilitation.

> There is no reason to believe that the legislature's judgment concerning an appropriate term of punishment by imprisonment was intended to fix, or is even related to, the term of probation that may be required to rehabilitate the offender. There may be many cases in which the goals of probation simply cannot be achieved within the time constraints the legislature has placed on imprisonment.

*People v. Flenniken, supra.*

Probation is a sentencing alternative that a defendant applies for and is either granted or denied by the trial court. A defendant who objects to the terms of probation is free to reject the imposition of probation. *People v. Rollins,* 771 P.2d 32 (Colo.App. 1989).

Finally, there is support in the legislative history for our conclusion that there is no term limitation for probation. Prior to 1972, a term of probation for a felony could not exceed five years. C.R.S.1963, 39–16–6(1). This five-year limitation was deleted from the statute in 1972 when the new Colorado Code of Criminal Procedure was enacted. *See* Colo.Sess.Laws 1972, ch. 44, § 39–11–202 at 242; *People v. Flenniken, supra.* No ceiling has since been added to the probation statute. We must, therefore, conclude that the General Assembly chose not to impose an express limitation on the duration of a term of probation.

Accordingly, we conclude that the maximum sentence in the aggravated range, as set out in § 18–1–105, C.R.S. (1986 Repl. Vol. 8B), does not establish the maximum period of probation to which a defendant may be sentenced.

## II.

### A.

█ Defendant also contends that the sentencing court's interpretation of § 16–11–201, C.R.S. (1986 Repl.Vol. 8A) rendered the statute unconstitutionally vague and, hence, violative of due process of law. Although defendant maintains that his arguments focus on the unconstitutionality of the statute as applied to him, we construe each of defendant's arguments as facial challenges of the constitutionality of the statute. Therefore, we decline to consider this issue because it is outside our statutory authority. Section 13–4–102, C.R.S. (1987 Repl.Vol. 6A).

### B.

█ Defendant next contends that the sentencing court's interpretation of § 16–11–201, C.R.S. (1986 Repl.Vol. 8A) violated his equal protection rights as a result of the manner in which it was applied. Defendant does not argue that the statute itself is unconstitutional as a violation of equal protection. He argues, however, that in this case, the basis for the court's imposition of a ten-year probationary term was defendant's inability to pay the restitution owing in a shorter period of time. Defendant maintains that he was punished more severely for his offense simply because he was poor and unable to make the restitution payments in a shorter period of time. We are not persuaded.

Equal protection does not require that a defendant receive a sentence identical to sentences received by all other felons who have committed the same class of felony. Rather, equal protection requires only that the minimum and maximum sentences imposed by the statute are the same for all

persons charged with the same or similar offenses. Individual treatment of each defendant within the parameters of the statute is within the discretion of the trial court. *People v. Garberding*, 787 P.2d 154 (Colo.1990).

The statute at issue here contains no time limitations with respect to the length of a probationary term and the length of the conditions attached to that term. Hence, the sentencing court was authorized by statute to sentence this defendant and others similarly situated to a wide range of penalties. The exercise of the sentencing court's discretion within the parameters of the statute does not deny a defendant equal protection under the laws. *People v. Garberding, supra.*

### III.

Defendant's final contention is that, even if it is assumed that the sentencing court had the authority to impose a ten-year term of probation, the sentence itself must nonetheless be vacated because the court abused its discretion in determining the length of the sentence.

We do not address defendant's argument because we are without jurisdiction to review the granting or denial of probation and the conditions of probation unless probation is granted contrary to the provisions of Title 16. Section 16–11–101(a), C.R.S. (1986 Repl.Vol. 8A); *People v. Smith*, 681 P.2d 525 (Colo.App.1983). Defendant does not make such an allegation. Rather, he contends that the probationary term of ten years was excessive. In making his argument, defendant implicitly relies on Title 18.

To the extent that we have jurisdiction of the issues raised, the sentence is affirmed.

STERNBERG, C.J., and RULAND, J., concur.