The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Roberta May SALAS, Defendant–Appellant.

No. 00CA0562.

Colorado Court of Appeals, Div. II.

Nov. 23, 2001.

Rehearing Denied Jan. 10, 2002.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

Kenneth A. Padilla, Denver, CO, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Roberta May Salas, appeals the sentence imposed following her failure to pay restitution. We affirm.

In 1997, defendant was charged with second degree assault for allegedly hitting a restaurant patron in the face with a beer bottle. Pursuant to a plea agreement, defendant pleaded guilty to third degree assault and was sentenced to two years probation. She was also ordered to pay $22,395.89 in restitution and costs, of which $21,990.89 was restitution.

Sometime thereafter, the victim apparently filed a civil suit against both defendant and the restaurant. However, she later dropped her claims against defendant and settled with the restaurant for $60,000.

Shortly before defendant's probation was to expire, her probation officer filed a complaint alleging that defendant had failed to meet her restitution obligation and requesting that her sentence be extended "for a sufficient amount of time for her to pay off restitution." At the time of the complaint, defendant had paid $1,060, and the remaining balance was $21,050.89.

At a subsequent hearing, defendant argued that she was entitled to an offset against restitution for the amount of the victim's settlement in the civil case. She also argued that she had no ability to pay restitution in the amount ordered or in any amount.

The trial court rejected the argument that defendant was entitled to an offset. And, although it found that defendant had made a good faith effort to pay restitution, and that her present financial condition suggested "a very limited ability to pay," the court concluded that, pursuant to the applicable version of § 16–11–204.5(2), Colo. Sess. Laws 1996, ch. 288, at 1778–79, the "only reasonable and logical alternative" was to extend the period of probation, rather than order defendant to jail with work release privileges or revoke probation and impose another sentence. The court therefore extended defendant's probationary term by two years and ordered that she "continue making restitution payments commensurate with her ability" to do so.

## I.

On appeal, defendant contends that the trial court abused its discretion by extending her probation for two years. Defendant argues that, because the restaurant already compensated the victim for her injuries, the victim would be unjustly enriched if she were to receive further compensation from defendant. Moreover, defendant argues that because she made a good faith effort to pay restitution, because there is no reasonable expectation that she will be able to pay the restitution in full in the future, and because the victim, while not forgiving defendant, disclaimed any interest in future restitution, the trial court abused its discretion in extending her probationary sentence. We disagree.

Restitution is part of the criminal sentence rather than merely a debt between the defendant and the victim. *People v. Maxich,* 971 P.2d 268 (Colo.App.1998). While one of the purposes of restitution is to make the victim whole, payment of restitution also advances the rehabilitative and deterrent purposes of sentencing and, thus, may be considered punitive in nature. *People v. Shepard,* 989 P.2d 183 (Colo.App.1999).

When defendant was sentenced, trial courts were required to impose restitution in an amount equal to the actual pecuniary damages sustained by the victim, regardless of the defendant's ability to pay, in every criminal case where probation was imposed. *See* Colo. Sess. Laws 1996, ch. 288, § 16–11–204.5(1) at 1778 (deleting the requirement that restitution be based, in part, on defendant's ability to pay). However, funds later recovered by the victim in a civil proceeding from or on behalf of the defendant were required to be offset against the restitution award. Colo. Sess. Laws 1988, ch. 112, § 16–11–101.5(2) at 669; *People v. Hoisington,* 902 P.2d 887 (Colo.App.1995).

Here, the record does not reveal, nor does defendant assert, that any portion of the victim's settlement in the civil case was paid

by her or on her behalf. Therefore, contrary to defendant's argument, the court was not required to offset the amount of restitution by the amount of the settlement. *See People v. Hoisington, supra.*

Furthermore, while the court acknowledged defendant's good faith attempts to pay restitution, as well as her limited ability to do so, its options were limited by the express provisions of Colo. Sess. Laws 1996, ch. 288, § 16–11–204.5(2) at 1778–79 (deleting the court's ability to modify restitution upon a defendant's failure to pay). The court properly concluded that the least restrictive option would be to extend defendant's probation and thus did not abuse its discretion.

## II.

We also reject defendant's contention, made for the first time on appeal, that the original two-year probationary sentence imposed by the trial court was illegal because it exceeded the maximum length authorized for a sentence to incarceration, and that the complaint alleging a violation of the original sentence is, therefore, null and void. *See People v. Martinez,* 844 P.2d 1203 (Colo.App.1992)(sentences to probation are not limited to the maximum length authorized for sentences to incarceration); *see also* § 16–11–202(1), C.R.S.2001 (sentencing court may grant probation "for such period . . . as it deems best").

The sentence is affirmed.

Judge PLANK and Judge MARQUEZ concur.