The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David BENAVIDEZ, Defendant–Appellant.

No. 01CA0585.

Colorado Court of Appeals, Div. IV.

Aug. 1, 2002.

As Modified on Denial of Rehearing Sept. 26, 2002.

Certiorari Dismissed Dec. 4, 2002.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State

Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, David Benavidez, appeals the sentence to probation imposed following his guilty plea to third degree sexual assault. We vacate the sentence in part and remand for resentencing.

In 1999, defendant was charged with three felony sexual assault counts arising out of incidents involving a nine-year-old girl. After a jury trial on these counts ended in a mistrial, defendant entered into a plea agreement. In exchange for dismissal of the original charges, he pled guilty to an added count of third degree sexual assault, a class one misdemeanor under Colo. Sess. Laws 1989 ch. 148, § 18–3–404(2) at 830. The applicable sentencing range was six months to two years under § 18–1–106(1) and (3)(b)(II)(B), C.R.S.2001. The parties stipulated to a sentence to probation subject to recommended treatment provisions and a fifteen-day jail term. Both the prosecutor and the probation department recommended a two-year term of probation.

At the providency and sentencing hearings, counsel and the trial court discussed whether the court had authority, in a misdemeanor case, to impose a probationary sentence longer than the maximum term of imprisonment allowed for the offense. The court concluded that it did and sentenced defendant to a five-year term of supervised probation plus fifteen days in county jail, to be served on weekends.

Defendant contends on appeal that the trial court exceeded its authority when it sentenced him to a five-year term of probation for a class one misdemeanor offense. We agree.

■ Probation is a statutory creation. The terms of probation must be derived from the applicable statute. A probationer may challenge terms of probation that are not within the statutory authority of the court. *People v. Brockelman,* 933 P.2d 1315 (Colo. 1997).

In *People v. Knaub,* 624 P.2d 922 (Colo. App.1980), a division of this court held in a misdemeanor case that the sentencing court had no authority to impose a probationary sentence longer than the maximum jail term allowed for the offense. The division concluded that such a limitation was warranted in light of the language of § 16–11–101(1), C.R.S.2001, which enumerates a trial court's sentencing alternatives "[w]ithin the limitations of the penalties provided by the classification of the offense of which a person is found guilty."

Here, the prosecutor argued, and the trial court appears to have agreed, that *Knaub* had been overruled by *People v. Flenniken,* 749 P.2d 395 (Colo.1988). In *Flenniken,* the court of appeals had relied on *Knaub* in holding that, absent extraordinary aggravating circumstances, a defendant in a felony case could not be sentenced to a term of probation in excess of the maximum presumptive range sentence for that felony. Finding that reliance on *Knaub* "misplaced," *People v. Flenniken, supra,* 749 P.2d at 400 n. 4, the supreme court held that such a defendant could be sentenced to a term of probation as long as the maximum term of imprisonment in the aggravated range, even without a finding of extraordinary aggravating circumstances. In so holding, the supreme court discussed and distinguished *Knaub,* noting that it was a misdemeanor case and that the penalties for misdemeanors were not stated in terms of presumptive sentencing ranges.

Conceding that the supreme court did not expressly overrule *Knaub,* the People assert that it did so impliedly by repudiating the basis for the *Knaub* court's holding. However, based on our review of *Flenniken* and the supreme court's characterization of it in later cases, we agree with defendant that *Flenniken* did not impliedly overrule *Knaub.*

In addition to discussing *Knaub* without overruling it, the *Flenniken* court expressly limited its holding, clarifying that: "We ... are not faced with—and therefore do not address—the question of whether a term of probation may exceed the maximum sentence in the aggravated range for the offense for which a defendant is sentenced." *People v. Flenniken, supra,* 749 P.2d at 400 n. 4.

In *Hunter v. People*, 757 P.2d 631 (Colo. 1988), the supreme court relied on *Flenniken* in upholding a probationary sentence that was within the maximum aggravated range for the felony at issue. In its discussion of *Flenniken*, the court noted: "We did not determine the outer limit of a sentencing court's authority to impose probation in *Flenniken* ...." *Hunter v. People, supra*, 757 P.2d at 632.

In *People v. Wade*, 757 P.2d 1074 (Colo. 1988), the supreme court considered whether the City and County of Denver could authorize its county court to impose probationary sentences longer than the maximum jail time applicable to the ordinance violation in question. Concluding that a home rule city's sentencing scheme was not constitutionally required to be consistent with the state's sentencing provisions, the court stated:

> Even if state statutes preclude the imposition of probation for a term longer than the maximum imprisonment authorized for a particular offense—*an issue on which we express no opinion*—that limitation serves as no constraint on a home rule city's right to impose its own system of punishments for violations of its ordinances.

*People v. Wade, supra*, 757 P.2d at 1077 (emphasis added and footnote omitted). The court pointed out that it had not addressed in *Flenniken* "whether a term of probation may exceed the applicable maximum sentence in the aggravated range, *nor whether a misdemeanor defendant may be sentenced to a term of probation exceeding the maximum authorized term of imprisonment.*" *People v. Wade, supra*, 757 P.2d at 1077 n. 3 (emphasis added).

The language used by the supreme court in *Flenniken*, *Hunter*, and *Wade*, in our view, establishes that it did not view *Flenniken* either as overruling *Knaub* or as establishing a broad rule recognizing no constraints on a sentencing court's discretion regarding probationary sentences.

The People suggest that *Flenniken* impliedly repudiated the basis for the holding in *Knaub* when it refused to rely on the § 16–11–101 language ("[w]ithin the limitations of the penalties provided by the classification of the offense") on which *Knaub* had relied.

We do not agree. In *Flenniken*, the supreme court declined to read § 16–11–101 "as imposing the limitations of section 18–1–105 on probation terms," because "such a reading would render the express limitations in sections 16–11–101(1)(b) and 16–11–302 mere surplusage." *People v. Flenniken, supra*, 749 P.2d at 399. However, the statutes that would have been rendered "mere surplusage" pertain to felony sentencing. Thus, this statement does not establish that the court rejected the *Knaub* analysis in misdemeanor cases.

Nor do we agree with the People that the language of § 16–11–202(1), C.R.S.2001, authorizing a court to grant "probation for such period and upon such terms and conditions as it deems best," gives courts unlimited discretion to determine the probationary period. The supreme court in *Flenniken*, like the division in *Knaub*, acknowledged this statute, but, as noted above, nevertheless declined to announce a broad rule dispensing with any constraints on a sentencing court's authority to impose a term of probation.

In sum, we conclude that *People v. Knaub* was not overruled by *Flenniken* and accordingly was controlling in the misdemeanor case before the trial court here. Thus, the trial court exceeded its authority when it sentenced defendant to a probationary term longer than the two-year maximum sentence to incarceration allowed for his offense.

In their petition for rehearing, the People raise policy concerns not raised in their answer brief or at oral argument and cite authority from this court that they claim warrants a contrary conclusion. We do not address the policy arguments made for the first time in petition for rehearing. As to the assertedly contrary authority, *People v. Martinez*, 844 P.2d 1203 (Colo. App. 1992), dealt with probation for a felony and is inapposite. *People v. Salas*, 42 P.3d 68 (Colo. App. 2001), announced after the trial court ruling at issue here, relied on *Martinez* to reject, in one sentence, a contention made for the first time on appeal that a probationary sentence on a misdemeanor could not exceed the term of incarceration. It did not further analyze the issue and did

not discuss *Knaub* or *Flenniken*. Thus, we do not view *Salas* as supporting a contrary resolution of the narrow issue presented for our review: namely, whether the trial court erred in concluding that *Knaub* had been overruled by *Flenniken*.

■ The portion of defendant's sentence imposing a five-year period of probation is vacated. The case is remanded to the trial court to resentence defendant to a term of probation no longer than two years, the maximum allowable statutory sentence to incarceration under § 18–1–106 for third degree sexual assault.

Judge NEY and Judge ROTHENBERG concur.