In re the PEOPLE of the State of Colorado, Plaintiff,

v.

James Keith KENNAUGH, Defendant.

No. 03SA013.

Supreme Court of Colorado.

Dec. 8, 2003.

David J. Thomas, District Attorney, Donna Skinner Reed, Chief Appellate District Attorney, Golden, Colorado, Attorneys for Plaintiff.

Jean E. Dubofsky, Boulder, Colorado, Richilano & Ridley, P.C., Patrick L. Ridley, Denver, Colorado, Burke & Neuwirth, P.C., Dean Neuwirth, Denver, Colorado, Attorneys for Defendant.

David S. Kaplan, Colorado, Public Defender Andrea Manning, Assistant Public Defender, Denver, Colorado, Attorneys for Amicus Curiae Colorado Public Defender.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Amicus Curiae Attorney General.

Peter A. Weir, Executive Director, Miles Madorin, Staff Attorney, Denver, Colorado, Attorneys for Amicus Curiae Colorado District Attorneys' Council.

Justice RICE delivered the Opinion of the Court.

In this proceeding under C.A.R. 21, we address whether the probationary sentence for a misdemeanor may ever exceed the statutory maximum incarceration sentence for that same misdemeanor. The trial court below terminated the defendant's probation based on *People v. Benavidez*, 58 P.3d 1142 (Colo.App.2002). In *Benavidez*, the court of

appeals held that a trial court exceeded its authority when it sentenced a misdemeanor defendant to a probationary term longer than the maximum incarceration sentence for the underlying misdemeanor. At the People's request, we issued a rule to show cause to the defendant as to why he should not be required to continue serving his probationary sentence. We now hold that, under former section 16–11–101(1), 6 C.R.S. (1999), the probationary sentence for a misdemeanor conviction may not exceed the maximum statutory term of incarceration for that misdemeanor.[1]

## I. FACTS AND PROCEDURAL HISTORY

The defendant, James Keith Kennaugh, was charged with three counts of second degree sexual assault, a class four felony, based on acts he committed in June 1999. In March 2000, the three felony counts were dismissed in exchange for the defendant's guilty plea to third degree sexual assault, a misdemeanor. In May 2000, the trial judge sentenced the defendant to two years in jail, but suspended that jail sentence contingent on the defendant's successful completion of a five-year probationary term that included several conditions, including a fine, restitution, community service, therapy, substance abuse treatment, and other terms specific to convicted sex offenders.

In August 2002, the court of appeals issued its opinion in *Benavidez*, which capped probationary terms for misdemeanor convictions at the maximum period of incarceration applicable to the offense. 58 P.3d at 1144. Based on *Benavidez*, the defendant subsequently filed a motion to terminate his probation, arguing that his five-year probationary term was illegal because the underlying mis-

demeanor was punishable by a maximum of two years' incarceration. *See* § 18–1–106(1), 6 C.R.S. (1999) (setting forth penalty ranges for misdemeanor convictions). The defendant claimed that because he had already served over two years' probation, the remainder of his term should be eliminated. Following a hearing in January 2003, the trial court granted the defendant's motion in accordance with the law as stated in *Benavidez*. The People then petitioned this court pursuant to C.A.R. 21, and we issued a rule to show cause. We now discharge the rule.

## II. ANALYSIS

At issue in this case is whether those defendants convicted of a misdemeanor for crimes committed on or before April 16, 2003, may be sentenced to a probationary term which exceeds the statutory maximum incarceration period for that misdemeanor. We answer that question in the negative, based upon the plain language of the applicable statute.

### a. Statutory Language

Section 16–11–202(1), 6 C.R.S. (1999), establishes the probationary power of the trial court:

> When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best.

Section 16–11–101(1) states that "the trial court has the following alternatives in entering judgment imposing a sentence," including, among other options, probation or a term of imprisonment. Section 16–11–101(1),

---

1. Since 1999, section 16–11–101 has been re-codified to section 18–1.3–104 and section 16–11–202 has been re-codified to section 18–1.3–202. The substance of the law remained unchanged, however, until 2003, when the General Assembly amended section 18–1.3–104(1) to read: "Within the limitations of the *applicable statute pertaining to sentencing* and subject to the provisions of this title ...." (emphasis added). The General Assembly also added to section 18–1.3–202 the following language:

> The length of probation shall be subject to the discretion of the court and may exceed the maximum period of incarceration authorized for the classification of the offense of which the defendant is convicted but shall not exceed five years for any misdemeanor or petty offense.

These amendments became effective April 17, 2003, and therefore are applicable to all crimes committed on or after that date. Thus, our ruling here is applicable only to those defendants convicted of misdemeanors committed on or before April 16, 2003.

however, further provides that the trial court may grant the defendant probation only *"[w]ithin the limitations of the penalties provided by the classification of the offense* of which a person is found guilty, and subject to the provisions of this title." (emphasis added). Thus, the resolution of the issue before us turns upon whether the introductory language of 16–11–101(1) operates to modify and constrain the grant of probationary power under 16–11–202 within the context of misdemeanor sentencing. We hold that it does.

 Probation is a statutory creation; its terms must be derived from the applicable statute. *People v. Brockelman,* 933 P.2d 1315, 1318 (Colo.1997) (upholding a geographic restriction imposed on a defendant's probation as "reasonably necessary" under the existing statutory scheme because the condition was designed to prevent any possibility of physical contact between the defendant and the victim for the period of probation). A probationer may challenge the terms of his probation where the trial court has exceeded its statutory authority in imposing the sentence. *See* § 16–11–101(1)(a) ("The granting or denial of probation and the conditions of probation shall not be subject to appellate review unless probation is granted contrary to the provisions of this title."); *Brockelman,* 933 P.2d at 1318; *People v. Dist. Court,* 673 P.2d 991, 995 (Colo.1983) (holding that the combination of a sentence for a definite period with a work-release program, which is only permitted as a condition of probation, resulted in an illegal sentence under the former statutory sentencing scheme). In interpreting a statute, we endeavor to give effect to the intent of the legislature, construing the various statutory provisions as a whole to give consistent, harmonious, and sensible effect to each part whenever possible. *People v. Banks,* 9 P.3d 1125, 1127 (Colo.2000). Furthermore, under the rule of lenity, we are required to construe any ambiguities in a penal statute in favor of the accused. *See, e.g., Faulkner v. Dist. Court,* 826 P.2d 1277, 1278 (Colo.1992).

With these principles in mind, we turn to the statutory provisions at issue. While section 16–11–202(1) appears to provide broad discretion to trial courts in the imposition of probationary sentences, it also provides that a trial court shall retain jurisdiction of the case "[u]nless an appeal is filed that raises a claim that probation was granted contrary to the provisions of this title." This limitation mirrors the language of section 16–11–101(1)(a), which eliminates appellate review of a probationary sentence "[u]nless probation is granted contrary to the provisions of this title." Thus, a trial court's authority to impose a term of probation is clearly confined by the requirements of former Title 16. As such, we must view these statutory sections together to determine what limitations, if any, the legislature placed upon the duration of probationary terms for misdemeanor convictions.

Viewing the statute as a whole, we construe the introductory clause of section 16–11–101, which provides that a trial court may grant probation "[w]ithin the limitations of the penalties provided by the classification of the offense of which a person is found guilty," as capping the duration of a probationary sentence that may be imposed upon a misdemeanor defendant. In particular, we read the phrase "penalties provided by the classification of the offense" as referring to the maximum incarceration period authorized for the misdemeanor.

The statute fails to define "penalties" as used in section 16–11–101(1). However, Black's Law Dictionary defines "penalty" as "[p]unishment imposed on a wrong-doer, especially in the form of imprisonment or fine." *Black's Law Dictionary* 1153 (7th ed.1999). Thus, section 16–11–101(1) can be read as allowing a trial court to impose probation within the term of imprisonment as prescribed for that misdemeanor by statute. In other words, a trial court may not impose a probationary term of greater duration than the permissible period of incarceration authorized for the underlying misdemeanor.

Under former section 18–1–106, which classifies and assigns the maximum penalties available for misdemeanors, the crime of sexual assault in the third degree allows for a maximum sentence of two years' imprisonment, a $5000 fine, or both. *See* §§ 18–1–106(1), (3)(a)(II); § 18–3–404. Thus, under the plain language of section 16–11–101(1),

the trial court had the power to sentence the defendant to probation only "[w]ithin the limitation[] of the penalt[y] provided by the offense," which here was a maximum term of two years.

### b. Case Law

Our conclusion that section 16–11–101 prohibits probationary terms which exceed the maximum term of incarceration for an underlying misdemeanor not only gives effect to the plain language of the statute, but also remains consistent with prior Colorado case law on the issue.

In *People v. Knaub*, 624 P.2d 922 (Colo. App.1980), the court of appeals addressed the same statutory section at issue today within the context of misdemeanor convictions. Applying basic principles of statutory construction, the court concluded that section 16–11–101 "require[d] that the duration of probation be no longer than the allowable term of confinement." *Knaub*, 624 P.2d at 923. The People now contend that *Knaub* was implicitly overruled by this court's decision in *People v. Flenniken*, 749 P.2d 395 (Colo.1988), and argue that under *Flenniken*, the statutory language we construe today creates no maximum probationary term for a misdemeanor conviction. We disagree.

At issue in *Flenniken* was whether a trial court was required to make a finding of extraordinary aggravating circumstances in order to sentence a felony defendant to a probationary term exceeding the presumptive statutory maximum sentence but falling within the maximum aggravated range. 749 P.2d at 398. We held that the term of probation for a felony conviction was not absolutely limited to the maximum *presumptive range* of imprisonment for the underlying class of felony. *Id.* at 399. However, we expressly declined to consider "the question of whether a term of probation may exceed the maximum sentence in the *aggravated range* for the offense for which a defendant is sentenced." *Id.* at 400, n. 4 (emphasis added); *see Hunter v. People*, 757 P.2d 631, 632 (Colo.1988) (upholding a probationary sentence which fell within the aggravated range for the underlying felony and noting that "[w]e did not determine the outer limit

of a sentencing court's authority to impose probation in *Flenniken* . . ."); *People v. Wade*, 757 P.2d 1074, 1077 (Colo.1988) ("We did not address whether a term of probation may exceed the applicable maximum sentence in the aggravated range. . . ."). Moreover, we distinguished *Knaub* because "penalties for misdemeanors and petty offenses are not stated in terms of presumptive sentence ranges, and the provision for sentencing on the basis of extraordinary aggravating or mitigating factors does not apply to misdemeanors or petty offenses." *Flenniken*, 749 P.2d at 400, n. 4; *see also Wade*, 757 P.2d at 1077 (noting that *Flenniken* did not address "whether a misdemeanor defendant may be sentenced to a term of probation exceeding the maximum authorized term of imprisonment"). Thus, *Flenniken* was expressly limited to felony probationary terms.

The statutory language upon which we rested our holding in *Flenniken* supports this distinction between felony and misdemeanor probationary sentencing. In *Flenniken*, we rejected the notion that the phrase "[w]ithin the limitations of the penalties provided by the classification of the offense," section 16–11–101(1), limited the duration of a probationary term for a felony because "such a reading would render the express limitations in 16–11–101(1)(b) and 16–11–302 mere surplusage." *Flenniken*, 749 P.2d at 399. The additional statutory sections which would have been rendered "mere surplusage," however, addressed only felony sentencing. *See* § 16–11–101(1)(b) ("Subject to the provisions of section 18–1–105, C.R.S., in class 2, class 3, class 4, and class 5 felonies, the defendant may be sentenced to imprisonment for a definite period of time."); § 16–11–302 ("No person sentenced to a correctional facility for the commission of a felony shall be subjected to imprisonment for a term exceeding the term provided by the statute fixing the length of the sentence for the crime of which he was convicted and for which he was sentenced."). Within the context of misdemeanor convictions, we face no similar obstacles to our statutory construction. Rather, the plain limiting language of section 16–11–101(1) clearly requires that a misdemeanor probationary term fall within

the "limitations of the penalties provided" for the misdemeanor offense.

Thus, our opinion in *Flenniken* was limited to felony convictions and did not operate to overrule the court of appeals' holding in *Knaub* that a misdemeanor defendant cannot be sentenced to a probationary term exceeding the maximum incarceration term authorized by statute. Having for the first time addressed this statutory language in the context of misdemeanor convictions, we now agree with the court of appeals' decisions in *Knaub* and *Benavidez*.[2] Under the plain language of section 16–11–101(1), a defendant convicted of a misdemeanor may not be sentenced to a term of probation exceeding the statutory maximum incarceration term.

### III. CONCLUSION

We hold that, for misdemeanors committed on or before April 16, 2003, the applicable statutory provisions prohibit the imposition of a probationary sentence which exceeds the maximum period of incarceration for the underlying misdemeanor. The trial court correctly applied the holding of *Benavidez* to the defendant's case and terminated the remainder of the defendant's five-year probationary term as illegal under former section 16–11–101(1). The rule to show cause is therefore discharged.

Justice COATS dissents and Justice KOURLIS joins in the dissent.

Justice COATS, dissenting.

Today, without saying so, the majority overturns fifteen years of Colorado sentencing law, by removing the cornerstone of this court's rationale in *People v. Flenniken*.[3] Although a misdemeanor sentence to probation was not at issue in *Flenniken*, the majority's "plain meaning" construction of the introductory language of section 16–11–101, is precisely the construction of the identical provision that was rejected in that case, freeing probation in felony cases from any limitation to "the allowable term of confinement under the applicable statute." *See* § 16–11–101(1), 6 C.R.S. (1999). In taking this action, the majority, in my view, not only misconstrues the statute but undercuts the validity of the statutory interpretation under which we have operated for more than a decade.

The majority's holding rests squarely on its interpretation of the introductory language of section 16–11–101(1), which delineates the various sentencing alternatives available to sentencing courts. The critical language is: "Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence...." Equating "penalties" with "imprisonment," the majority concludes that the plain meaning of this provision limits even the permissible term of probation to the maximum incarceration period authorized for the same offense. Maj. op. at 317.

Contrary to the majority's characterization of the statute as providing "that the trial court may grant the defendant probation only '[w]ithin the limitations of the penalties provided ...'," maj. op. at 317, the statute actually says that within such limitations, "the trial court has the following alternatives," which include, among others, sentences to probation and sentences to incarceration. As we recognized in *Flenniken*, in 1972 the General Assembly uncoupled probation from incarceration and made it a separate sentencing alternative, "deliberately choos[ing] not to impose an express limitation on the permissible length of probation." *Flenniken*, 749 P.2d at 399 n. 2. Unlike "[a] sentence to imprisonment [which] is governed by Article 16, Part 3 of Title 16 of the statutes, and is expressly subject to the limitations on length of imprisonment set out in section 18–1–105," we held that "[a] sentence

2. We therefore overrule another court of appeals decision insofar as it held that a probationary sentence on a misdemeanor could exceed the term of incarceration under the statutory sections at issue today. *See People v. Salas*, 42 P.3d 68 (Colo.App.2001). In reaching its decision, the *Salas* court erroneously relied upon another court of appeals case, *People v. Martinez*, 844 P.2d 1203 (Colo.App.1992), which addressed only felony probationary terms. *Salas*, 42 P.3d at 70.

3. 749 P.2d 395 (Colo.1988).

to probation ... is governed only by Article 11, Part 2 of Title 16," stating that " 'the court may grant the defendant probation for such period and upon such terms and conditions as it deems best.' " *Id.* at 399.

In *Flenniken* we concluded, in direct opposition to today's holding, that "[n]either that section [§ 16–11–202] nor section 16–11–101(1)(a) (listing probation as an alternative sentence) expressly refers to section 18–1–105 as limiting the period of probation that may be ordered." *Id.* Acknowledging that the general introductory language of section 16–11–103 "might be read as imposing the limitations of section 18–1–105 on probationary terms," we declined to adopt that interpretation. *Id.*

Because the General Assembly has swiftly responded to the court of appeals construction adopted by the majority today, by clarifying and amending the probationary power of the courts, today's holding is likely to have little practical effect beyond a limited number of existing misdemeanor cases. The new amendment makes clear that probation is *not* limited to "the maximum period of incarcera-

tion authorized for the classification of the offense of which the defendant is convicted," but that probation for misdemeanor and petty offenses will now be limited to a maximum possible term of five years. *See* § 18–1.3–202, 6 C.R.S. (2003). Therefore I find the majority's actual holding less significant than its resort to a bald assertion that the plain and unambiguous meaning of this statutory language is precisely the meaning we have rejected for fifteen years.

Because I am reluctant to overturn such well-established and well-reasoned case law without good reason, and because I also believe the *Flenniken* court actually got the better of the argument, I respectfully dissent.

I am authorized to state that Justice KOURLIS joins in this dissent.