The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ronnie Delarosa REYES, Defendant–Appellant.

No. 06CA0511.

Colorado Court of Appeals, Div. IV.

Nov. 13, 2008.

John W. Suthers, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Douglas K. Wilson, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge STERNBERG.*

Defendant, Ronnie Delarosa Reyes, appeals the district court's order extending the term of his probationary sentence following his failure to satisfy his restitution obligation. We remand for further proceedings.

In 1993, a jury found defendant guilty of first degree arson. In May 1996, following a series of events not relevant to this appeal, the district court sentenced ·defendant to eight years of intensive supervised probation (ISP) and ordered him, as a condition of probation, to serve two years in the county jail on work release. Although the court set a hearing at that time to determine the amount of restitution owed, the hearing was stayed because defendant filed a notice of appeal challenging his conviction. A division of this court affirmed the conviction, *People v. Reyes,* (Colo.App. No. 96CA1151, May 1, 1997) (not published pursuant to C.A.R. 35(f) ), and the mandate issued on August 20, 1997.

On November 26, 1997, the district court granted the prosecution's motion for $3,691,111 in restitution. In doing so, the court applied, over defense counsel's objection, a June 1996 amendment to the restitution statute eliminating the need to consider a defendant's ability to pay. *See* ch. 288, sec. 4, § 16–11–204.5(1), 1996 Colo. Sess. Laws 1778. The court then issued an amended mittimus revoking defendant's original sentence to ISP and imposing the same sentence with the added restitution obligation. Defendant did not appeal.

Two weeks later, in December 1997, because the work release program had refused to accept defendant, the court issued, pursuant to Crim. P. 35(b), another mittimus revoking defendant's ISP, reimposing ISP with a straight ninety days in jail, and ordering fifteen days of presentence confinement cred-

§ 24–51–1105, C.R.S.2008.

it. Defendant did not appeal that sentence either.

In December 2005, the probation department filed a complaint seeking to revoke defendant's ISP sentence on grounds that he still owed $3,678,135.51 in restitution. The complaint stated that defendant refused to sign an extension of probation and asked that the matter be heard by the court.

At the hearing that followed, the parties stipulated that defendant had been paying restitution "to the best of his ability" and that he had not willfully violated the restitution order. Nevertheless, the court concluded it was bound by the reasoning in *People v. Salas,* 42 P.3d 68 (Colo.App.2001), *overruled on other grounds by People v. Kennaugh,* 80 P.3d 315, 319 (Colo.2003), and ordered defendant's sentence extended by eight years. *See id.* at 70 (concluding that, despite "defendant's good faith attempts to pay restitution, as well as her limited ability to do so," the trial court was limited by the express provisions of ch. 288, sec. 4, § 16–11–204.5(2), 1996 Colo. Sess. Laws 1778, which deleted the court's ability to modify restitution based upon a defendant's inability to pay). This appeal followed.

## I.

■ Defendant first contends that the revocation court violated his right to equal protection by extending his probationary sentence without requiring the prosecution to establish a willful failure to pay restitution. We reject this contention for the reasons articulated in *People v. McCarty,* 851 P.2d 181, 185 (Colo.App.1992) (rejecting similar argument), *aff'd,* 874 P.2d 394 (Colo.1994), and *People v. Martinez,* 844 P.2d 1203, 1206–07 (Colo.App.1992) (same).

## II.

■ Next, defendant appears to contend that the revocation court also violated the constitutional prohibition against ex post facto laws by extending his probation based on the 1996 amendments to the restitution statute. However, we decline to address this contention because an appellate court must refrain from resolving constitutional questions unless the need to do so is clear and inescapable. *See People v. Thompson,* 181 P.3d 1143, 1145 (Colo.2008). Here we conclude the extension of defendant's probation based solely on his inability to pay restitution violated section 16–18.5–105(3)(d)(III), C.R.S. 2008.

In September 2000, the General Assembly enacted sections 16–18.5–101 to –110, C.R.S. 2008 (the Restitution Act). These provisions applied to defendant because, at the time of defendant's revocation hearing, his restitution obligation remained unsatisfied. *See* ch. 232, sec. 25(2), 2000 Colo. Sess. Laws 1053 ("The provisions of this act shall apply to orders for convictions entered on or after the applicable effective date of this act *and delinquencies of orders existing on or after said date.*"); *People v. Lowe,* 60 P.3d 753, 756–57 (Colo.App.2002).

Section 16–18.5–105(3) provides that when a defendant fails to make a payment of restitution within five days after the date the payment is due under a payment schedule established pursuant to title 16, article 18.5, the collections investigator may, among other remedies,

· ask the clerk of the court to issue an attachment of earnings as provided in section 16–18.5–105(3)(b);

· ask the clerk of court to court to issue a writ of execution, writ of attachment, or other civil process to collect the judgment as provided in section 16–18.5–105(3)(c);

· ask the court to issue a notice requiring the defendant to appear before the court and show cause why the required payment or payments were not made as provided in section 16–18.5–105(3)(d); or

· employ any method available to collect state receivables as provided in section 16–18.5–105(3)(e).

If the collections investigator asks the court to issue a notice to show cause and the court finds that the defendant failed to make the missed or late payment or payments and was able to do so, the court may, among other things, revoke probation, extend the period of probation, or find the defendant in contempt and impose any authorized penalties for contempt. However, if the court

finds that the defendant was not able to make the missed or late payment or payments, it may not impose those remedies. § 16–18.5–105(3)(d); *see also People v. Stafford,* 93 P.3d 572, 575 (Colo.App.2004) (due process and section 16–18.5–105(3)(d)(I), C.R.S.2008, prohibit revocation of probation based on defendant's inability to pay restitution).

Here, there was a stipulation that defendant had been paying restitution to the best of his ability and had not willfully violated the restitution order. However, the court did not make findings regarding whether defendant had missed or had been late making one or more payments and, if so, whether defendant was able to make the payment or payments. Accordingly, we are not able to determine whether extension of defendant's probation was proper under the statute. Accordingly, the court's order extending defendant's probation for failure to pay restitution must be reconsidered and the case must be remanded for findings of fact and conclusions of law in accordance with section 16–18.5–105(3)(d).

### III.

Finally, defendant contends that the revocation court erred in considering the modification of his sentence in December 1997 as "a resentencing sufficient to trigger" the 1996 amendments. However, contrary to defendant's assertion, it was not the December 1997 sentence modification that triggered application of the 1996 restitution amendments. Those amendments were properly applied in November 1997 when restitution was first ordered. *See* ch. 288, sec. 14, 1996 Colo. Sess. Laws 1784 (amendments to restitution statute "shall apply to all orders entered on or after [June 3, 1996]").

On remand, if, on the one hand, the trial court finds that defendant missed or was late making one or more payments and that he was able to make such payments, then the order extending the term of probation shall stand affirmed, subject to defendant's right to appeal such findings. *See* 16–18.5–105(3)(d).

If, on the other hand, the trial court finds that defendant missed or was late making one or more payments, and that he was unable to make such payments, or that he did not miss or was not late making one or more payments, then the trial court shall vacate the order extending the term of probation and issue an order denying the probation department's revocation complaint, subject to the People's right to appeal such order. Contrary to the People's assertion, denial of the revocation complaint would not excuse defendant from his obligation to pay the total amount of restitution ordered. *See* 18–1.3–603(4)(a), C.R.S.2008 (an order of restitution "shall be a final civil judgment in favor of the state and any victim" that "remain[s] in force until the restitution is paid in full"); *see also Roberts v. People,* 130 P.3d 1005, 1010 (Colo.2006) (recognizing 18–1.3–603(4)(a) allows for collection of a restitution award "without the time and expense necessary to file an additional civil action").

The case is remanded for further proceedings consistent with this opinion.

Judge CARPARELLI and Judge LOEB concur.